**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone:     (818) 532-6499
E-mail: jpafiti@pomlaw.com
- *additional counsel on signature page* -

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGAN HESSEFORT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUPER MICRO COMPUTER, INC., CHARLES LIANG and HOWARD HIDESHIMA,<br><br>Defendants | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Logan Hessefort ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Super Micro Computer, Inc. ("Super Micro" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial

1

evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired the securities of Super Micro between January 27, 2017 and January 30, 2018, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

2. Super Micro Computer, Inc. designs, develops, manufactures and sells server solutions based on modular and open-standard architecture. The Company's products include servers, motherboards, chassis, and accessories.

3. Founded in 1993, the Company is headquartered in San Jose, California, and its common stock trades on the NASDAQ Global Select Market ("NASDAQ") under the ticker symbol "SMCI."

4. Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Super Micro's financial statements contained accounting errors, including errors with respect to one of the Company's sales transactions; (ii) as such, the Company's internal controls were not effective; (iii) Super Micro lacked the capability to timely review and assess the impact of the foregoing issues; and (iv) as a result, Super Micro's public statements were materially false and misleading at all relevant times.

5. On August 29, 2017, post-market, Super Micro filed a Notice of Late Filing with the SEC, reporting that the Company "is not in a position to file its Form 10-K for fiscal year ended June 30, 2017 (the "Form 10-K"), in a timely manner because the Registrant cannot complete the Form 10-K

in a timely manner without unreasonable effort or expense" and that "[a]dditional time is needed for the Company to compile and analyze certain information and documentation and complete preparation of its financial statements."

6. On this news, Super Micro's share price fell $1.35, or 4.96%, to close at $25.85 on August 30, 2017.

7. Then, on October 26, 2017, post-market, Super Micro reaffirmed its delay in filing the 10-K, stating that "[i]n connection with the in-process audit of the Company's financial results for the year ended June 30, 2017, a sales transaction was subject to additional inquiry and review". Super Micro advised investors that the transaction at issue "was originally recorded as revenue during the quarter ended December 31, 2016. However, prior to review by the Company's independent auditors and prior to the Company's public announcement of its results for the quarter, the recognition of revenue was reversed and the revenue was subsequently recognized in the quarter ended March 31, 2017."

8. On this news, Super Micro's share price fell $1.23, or 5.65%, to close at $20.48 on October 27, 2017.

9. On January 30, 2018, post-market, Super Micro announced that the Company's "Audit Committee has completed the previously disclosed investigation," and that "[a]dditional time is required to analyze the impact, if any, of the results of the investigation on the Company's historical financial statements, as well as to conduct additional reviews before the Company will be able to finalize its Annual Report on Form 10-K for the fiscal year ended June 30, 2017." Super Micro also announced the resignations of three executives: Wally Liaw, Senior Vice President of International Sales; Phidias Chou, Senior Vice President of Worldwide Sales; and Howard Hideshima, Senior Vice President and Chief Financial Officer ("CFO").

10. Following this news, Super Micro's share price fell $1.83, or 7.4%, to close at $22.83 on January 31, 2018.

11. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

12. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

13. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

14. Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b). Super Micro's principal executive offices are located within this Judicial District.

15. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

16. Plaintiff, as set forth in the accompanying Certification, purchased Super Micro securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosure.

17. Defendant Super Micro is incorporated in California, with principal executive offices located at 980 Rock Avenue, San Jose, California 95131. Super Micro's common stock trades on the NASDAQ under the ticker symbol "SMCI."

18. Defendant Charles Liang has served at all relevant times as the Company's Chief Executive Officer ("CEO") and President.

19. Defendant Howard Hideshima served at all relevant times as the Company's Chief Financial Officer ("CFO") and Senior Vice President, until his resignation, announced on January 30, 2018.

20. The Defendants referenced above in ¶¶ 18-19 are sometimes referred to herein collectively as the "Individual Defendants."

21. The Individual Defendants possessed the power and authority to control the contents of Super Micro's SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with the Company, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

**SUBSTANTIVE ALLEGATIONS**

**Background**

22. Super Micro designs, develops, manufactures and sells server solutions based on modular and open-standard architecture. The Company's products include servers, motherboards, chassis, and accessories.

**Materially False and Misleading Statements Issued During the Class Period**

23. The Class Period begins on January 27, 2017, the day after Super Micro issued a press release and filed a Current Report on Form 8-K with the SEC, announcing the Company's financial and operating results for the quarter ended December 31, 2016 (the "Q2 2017 8-K"). For the quarter, Super Micro reported net income of $22.0 million, or $0.43 per diluted share, compared to net income of $34.7 million, or $0.67 per diluted share, for the same period in the prior year. Super Micro also reported net sales of "$652.0 million, up 23.3% from $529.0 million in the first quarter of fiscal year 2017."

24. On February 7, 2017, Super Micro filed a Quarterly Report on Form 10-Q with the SEC, reiterating the financial and operating results previously reported in the Q2 2017 8-K (the "Q2 2017 10-Q").

25. The Q2 2017 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by the Individual Defendants, stating that the Q2 2017 10-Q "fully complies with the requirements of Section 13(a) or 15(d) of the Securities Exchange Act of 1934 and the information contained in such Quarterly Report on Form 10-Q fairly presents, in all material respects, the financial condition and results of operations of Super Micro Computer, Inc."

26. On April 27, 2017, Super Micro issued a press release and filed a Current Report on Form 8-K with the SEC, announcing the Company's financial and operating results for the quarter ended March 31, 2017 (the "Q3 2017 8-K"). For the quarter, Super Micro reported net income of $16.7 million, or $0.32 per diluted share, compared to net income of $16.7, or $0.32 per diluted share for the same period in the prior year. Super Micro also reported net sales of "$631.1 million, down 3.2% from $652.0 million in the second quarter of fiscal year 2017."

27. On May 10, 2017, Super Micro filed a Quarterly Report on Form 10-Q with the SEC, reiterating the financial and operating results previously reported in the Q3 2017 8-K (the "Q3 2017 10-Q").

28. The Q3 2017 10-Q contained signed certifications pursuant to SOX by the Individual Defendants, stating that the Q3 2017 10-Q "fully complies with the requirements of Section 13(a) or 15(d) of the Securities Exchange Act of 1934 and the information contained in such Quarterly Report on Form 10-Q fairly presents, in all material respects, the financial condition and results of operations of Super Micro Computer, Inc."

29. The statements referenced in ¶¶ 23-28 above were materially false and/or misleading because they misrepresented and/or failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Super Micro's financial statements contained accounting errors, including errors with respect to one of the Company's sales transactions; (ii) as such, the Company's internal controls were not effective; (iii) Super Micro lacked the capability to timely review and assess the impact of the foregoing issues; and (iv) as a result, Super Micro's public statements were materially false and misleading at all relevant times.

## The Truth Begins to Emerge

30. On August 29, 2017, post-market, Super Micro filed a Notice of Late Filing with the SEC, reporting that the Company "is not in a position to file its Form 10-K for fiscal year ended June 30, 2017 (the "Form 10-K"), in a timely manner because the Registrant cannot complete the Form 10-K in a timely manner without unreasonable effort or expense" and that "[a]dditional time is needed for the Company to compile and analyze certain information and documentation and complete preparation of its financial statements."

31.     On this news, Super Micro's share price fell $1.35, or 4.96%, to close at $25.85 on August 30, 2017.

32.     Then, On October 26, 2017, post-market, Super Micro reaffirmed its delay in filing the 10-K, stating:

> As previously disclosed by the Company, additional time is needed for the Company to compile and analyze certain information and documentation and finalize its financial statements, as well as complete a related audit committee review, in order to permit the Company's independent registered public accounting firm to complete its audit of the financial statements to be incorporated in the Form 10-K and complete its audit of the Company's internal controls over financial reporting as of June 30, 2017.
>
> In connection with the in-process audit of the Company's financial results for the year ended June 30, 2017, a sales transaction was subject to additional inquiry and review. The transaction in question was originally recorded as revenue during the quarter ended December 31, 2016. However, prior to review by the Company's independent auditors and prior to the Company's public announcement of its results for the quarter, the recognition of revenue was reversed and the revenue was subsequently recognized in the quarter ended March 31, 2017. When the audit committee was made aware of this transaction, the Audit Committee of the Company's Board of Directors initiated an independent investigation to determine whether there were any similar transactions and if so, whether such transactions were properly accounted for. Due to the volume of data to be reviewed to complete the investigation, the Company was unable to file its Form 10-K on a timely basis.

33.     On this news, Super Micro's share price fell $1.23, or 5.65%, to close at $20.48 on October 27, 2017.

34.     On January 30, 2018, Super Micro announced that the Audit Committee had completed its investigation. The Company advised investors:

> ***Additional time is required to analyze the impact, if any, of the results of the investigation on the Company's historical financial statements,*** as well as to conduct additional reviews before the Company will be able to finalize its Annual Report on Form 10-K for the fiscal year ended June 30, 2017 (the "Form 10-K"). ***The Company is unable at this time to provide a date as to when the Form 10-K will be filed or to determine whether the Company's historical financial statements will be adjusted or, if so, the amount of any such adjustment(s) and what periods any such adjustments may impact.*** The Company intends to file its Quarterly Reports on Form 10-Q for the quarters ended September 30 and December 31, 2017 promptly after filing the Form 10-K.

(Emphasis added.)

8

35. Following this news, Super Micro's share price fell $1.83, or 7.4%, to close at $22.83 on January 31, 2018.

36. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Super Micro securities traded on the NASDAQ during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

38. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Super Micro securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Super Micro or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

39. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

9

40. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

41. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of Super Micro;

- whether Defendants caused Super Micro to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Super Micro securities during the Class Period were artificially inflated because of Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

42. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

43. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Super Micro securities are traded in efficient markets;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased and/or sold Super Micro securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

44. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

45. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**Violation of Section 10(b) of The Exchange Act and Rule 10b-5**
**Against All Defendants**

46. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

47. This Count is asserted against Super Micro and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

48. During the Class Period, Super Micro and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

49. Super Micro and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;
- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Super Micro securities during the Class Period.

50. Super Micro and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of Super Micro were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These Defendants by virtue of their receipt of information reflecting the true facts of Super Micro, their control over, and/or receipt and/or modification of Super Micro allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning Super Micro, participated in the fraudulent scheme alleged herein.

51. Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with

reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other Super Micro personnel to members of the investing public, including Plaintiff and the Class.

52. As a result of the foregoing, the market price of Super Micro securities was artificially inflated during the Class Period. In ignorance of the falsity of Super Micro's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Super Micro securities during the Class Period in purchasing Super Micro securities at prices that were artificially inflated as a result of Super Micro's and the Individual Defendants' false and misleading statements.

53. Had Plaintiff and the other members of the Class been aware that the market price of Super Micro securities had been artificially and falsely inflated by Super Micro's and the Individual Defendants' misleading statements and by the material adverse information which Super Micro's and the Individual Defendants did not disclose, they would not have purchased Super Micro's securities at the artificially inflated prices that they did, or at all.

54. As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

55. By reason of the foregoing, Super Micro and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of Super Micro securities during the Class Period.

**COUNT II**

**Violation of Section 20(a) of The Exchange Act Against The Individual Defendants**

56. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

57.     During the Class Period, the Individual Defendants participated in the operation and management of Super Micro, and conducted and participated, directly and indirectly, in the conduct of Super Micro's business affairs. Because of their senior positions, they knew the adverse non-public information regarding the Company's inadequate internal safeguards in data security protocols.

58.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Super Micro's financial condition and results of operations, and to correct promptly any public statements issued by Super Micro which had become materially false or misleading.

59.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Super Micro disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Super Micro to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Super Micro within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Super Micro securities.

60.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Super Micro.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post- judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: February 8, 2018

    Respectfully submitted,

    **POMERANTZ LLP**

    By: */s/ Jennifer Pafiti*
    Jennifer Pafiti (SBN 282790)
    468 North Camden Drive
    Beverly Hills, CA 90210
    Telephone: (818) 532-6499
    E-mail: jpafiti@pomlaw.com

    **POMERANTZ, LLP**
    Jeremy A. Lieberman
    J. Alexander Hood II
    600 Third Avenue, 20th Floor
    New York, New York 10016
    Telephone: (212) 661-1100
    Facsimile: (212) 661-8665
    E-mail: jalieberman@pomlaw.com
    E-mail: ahood@pomlaw.com

    **POMERANTZ LLP**
    Patrick V. Dahlstrom
    Ten South La Salle Street, Suite 3505
    Chicago, Illinois 60603
    Telephone: (312) 377-1181
    Facsimile: (312) 377-1184
    E-mail: pdahlstrom@pomlaw.com

    **BRONSTEIN, GEWIRTZ**
    **& GROSSMAN, LLC**
    Peretz Bronstein
    60 East 42nd Street, Suite 4600
    New York, NY 10165
    (212) 697-6484
    peretz@bgandg.com

    *Attorneys for Plaintiff*

# CERTIFICATION PURSUANT
# TO FEDERAL SECURITIES LAWS

1. I, _____Logan Hessefort_____, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2. I have reviewed a Complaint against Super Micro Computer, Inc. ("Super Micro" or the "Company") and, authorize the filing of a comparable complaint on my behalf.

3. I did not purchase or acquire Super Micro securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4. I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired Super Micro securities during the class period, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5. To the best of my current knowledge, the attached sheet lists all of my transactions in Super Micro securities during the Class Period as specified in the Complaint.

6. During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7. I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8. I declare under penalty of perjury that the foregoing is true and correct.

**Executed** ___02/07/2018_____
            **(Date)**

_____
**(Signature)**

___Logan Hessefort_____
**(Type or Print Name)**

**SUPER MICRO COMPUTER, INC. (SMCI)**                                                    **Hessefort, Logan**

## LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHARES/UNITS | PRICE PER SHARES/UNITS |
|---|---|---|---|
| 1/30/2018 | Purchase | 6 | $24.2500 |