Stephen D. Hibbard (State Bar No. 177865)
sdhibbard@jonesday.com
John C. Tang (State Bar No. 212371)
jctang@jonesday.com
Nathaniel P. Garrett (State Bar No. 248211)
ngarrett@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700

Attorneys for Defendants
SUPER MICRO COMPUTER, INC., CHARLES LIANG, and PERRY G. HAYES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LOGAN HESSEFORT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUPER MICRO COMPUTER, INC., CHARLES LIANG, HOWARD HIDESHIMA, and PERRY G. HAYES,<br><br>Defendants. | Case No. 3:18-CV-00838-JST<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME FOR DEFENDANTS TO FILE RESPONSE TO AMENDED COMPLAINT** |

WHEREAS, on February 8, 2018, two class action complaints were filed against Defendants Super Micro Computer, Inc. (the "Company"), Charles Liang, and Howard Hideshima: (1) *Hessefort v. Super Micro Computer, Inc.*, No. 3:18-cv-838 (ECF No. 1), and (2) *United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 WBPA Fund v. Super Micro Computer, Inc.*, No. 3:18-cv-850-JST (ECF No. 1) (collectively, the "Complaints");

WHEREAS, the Complaints allege claims under the federal securities laws, regarding, among other matters, the Company's failure to timely file its 2017 Annual Report on Form 10-K and other financial statements in light of an internal investigation into revenue recognition, that are subject to the procedural requirements of the Private Securities Litigation Reform Act of 1995 ("Reform Act"), including those set forth in 15 U.S.C. §78u-4.

WHEREAS, on May 8, 2018, upon motion by New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund ("Pension Fund"), the Court found *United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 WBPA Fund v. Super Micro Computer, Inc.*, No. 3:18-cv-850-JST, related to *Hessefort v. Super Micro Computer, Inc.*, No. 3:18-cv-838.

WHEREAS, on May 25, 2018, the Court appointed the Pension Fund as lead plaintiff, approved Plaintiff's selection of Robbins Geller Rudman & Dowd as lead counsel, and consolidated *United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 WBPA Fund v. Super Micro Computer, Inc.*, No. 3:18-cv-850-JST, and *Hessefort v. Super Micro Computer, Inc.*, No. 3:18-cv-838 (ECF No. 46);

WHEREAS, on June 25, 2018, the parties stipulated to and filed with the Court a proposed schedule governing the deadlines related to pleadings in this matter ("June 25, 2018 Joint Stipulation"), which reflected the Company's hope that it would become current with its U.S. Securities and Exchange Commission ("SEC") filings by August 24, 2018 and which also would have provided Pension Fund time to consider those filings in connection with filing an amended complaint;

WHEREAS, on June 26, 2018, the Court filed its order approving the June 25, 2018 Joint Stipulation ("June 26, 2018 Scheduling Order");

WHEREAS, on August 21, 2018, the Company announced that it had submitted a letter to Nasdaq stating that the Company will not be able to complete and file its Annual Report on Form 10-K for its fiscal year ended June 30, 2017 and its Quarterly Reports on Form 10-Q for its fiscal quarters ended September 30, 2017, December 31, 2017 and March 31, 2018 with the Securities and Exchange Commission ("SEC") by August 24, 2018;

WHEREAS, on September 24, 2018, Plaintiff filed its Consolidated Class Action Complaint for Violation of the Federal Securities Laws (ECF No. 51) against the Company, Charles Liang, Howard Hideshima, and Perry G. Hayes (collectively, "Defendants") (the "Consolidated Complaint");

WHEREAS, pursuant to the June 26, 2018 Scheduling Order, the Defendants' responses to the Consolidated Complaint are due on or before November 8, 2018;

WHEREAS, as of the date of the filing of this stipulation, the Company has not become current with its SEC filings;

WHEREAS, the Company's delinquent SEC filings, which when filed may or may not include some restatement of the Company's historical financial statements, will likely bear directly on Plaintiff's allegations;

WHEREAS, the Company expects to determine on or before November 16, 2018 whether an announcement regarding reliance on its historical financial statements is required and, thus, whether some restatement of those historical financial statements is warranted;

WHEREAS, such a near term announcement by the Company may warrant further amendment of the Consolidated Complaint;

WHEREAS, after meeting and conferring, in order to avoid the unnecessary expenditure of judicial resources or effort by the Court or the parties, the parties have agreed to extend the time for Defendants to respond to the Consolidated Complaint by 13 days to November 21, 2018, at which time either: (1) if the Company has made an announcement on or before November 16, 2018, that its historical financial statements cannot be relied upon and/or a restatement is warranted, the parties will present for the Court's approval a new proposed schedule to supersede the June 26, 2018 Scheduling Order; or (2) Defendants will file their responses to the

Consolidated Complaint and, if applicable, briefing on a motion to dismiss will proceed under the timeline set forth in the June 26, 2018 Scheduling Order providing 45 days for plaintiffs' opposition briefing and 30 days for defendants' reply briefing.

NOW THEREFORE, the undersigned parties, by and through their counsel of record, stipulate as follows:

1. In the event the Company makes an announcement that its historical financials can no longer be relied upon and/or a restatement of historical financials is warranted, on or before November 21, 2018, the parties shall present for the Court's consideration a new proposed schedule for an amendment to the Consolidated Complaint and any response thereto to supersede the June 26, 2018 Scheduling Order. Otherwise, on or before November 21, 2018, the Defendants shall file and serve their responses to the Consolidated Complaint with briefing on any motion to dismiss to proceed as set forth in the June 26, 2018 Scheduling Order.

DATED: November 5, 2018          JONES DAY

/s/ Stephen D. Hibbard
Stephen D. Hibbard
John C. Tang
Nathaniel P. Garrett
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: 415-875-5809

Counsel for Super Micro Computer, Inc., Charles Liang, and Perry G. Hayes

DATED: November 5, 2018          PAUL HASTINGS LLP

/s/ Nicolas Morgan
Nicolas Morgan
515 South Flower Street, 25th Floor
Los Angeles, CA 90072
Telephone: 213-683-6181

Counsel for Defendant Howard Hideshima

| | |
|---|---|
| DATED: November 5, 2018 | ROBBINS GELLER RUDMAN & DOWD LLP |
| | |
| | */s/ Shawn A. Williams* |
| | Shawn A. Williams |
| | Daniel J. Pfefferbaum |
| | Post Montgomery Center |
| | One Montgomery Street, Suite 1800 |
| | San Francisco, CA 94104 |
| | Telephone: 415-288-4545 |
| | |
| | Counsel for Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund |

I, Stephen D. Hibbard, am the ECF User whose ID and password are being used to file this JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME FOR DEFENDANTS TO FILE RESPONSE TO AMENDED COMPLAINT. In compliance with Local Rule 5-1(i)(3), I hereby attest that counsel for Lead Plaintiff, Daniel J. Pfefferbaum, and Defendant Howard Hideshima, Nicolas Morgan, concur in this filing.

DATED: November 5, 2018

*/s/ Stephen D. Hibbard*
Stephen D. Hibbard

\* \* \*

**[PROPOSED] ORDER**

IT IS SO ORDERED.

DATED: November 7, 2018

THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE