# EXHIBIT 1

1   ROBBINS GELLER RUDMAN
        & DOWD LLP
2   SHAWN A. WILLIAMS (213113)
    DANIEL J. PFEFFERBAUM (248631)
3   Post Montgomery Center
    One Montgomery Street, Suite 1800
4   San Francisco, CA  94104
    Telephone:  415/288-4545
5   415/288-4534 (fax)
    shawnw@rgrdlaw.com
6   dpfefferbaum@rgrdlaw.com
            – and –
7   ELLEN GUSIKOFF STEWART (144892)
    PATTON L. JOHNSON (320631)
8   655 West Broadway, Suite 1900
    San Diego, CA  92101
9   Telephone:  619/231-1058
    619/231-7423 (fax)
10  elleng@rgrdlaw.com
    pjohnson@rgrdlaw.com
11
    Lead Counsel for Lead Plaintiff
12
    [Additional counsel appear on signature page.]
13
                    UNITED STATES DISTRICT COURT
14
                    NORTHERN DISTRICT OF CALIFORNIA
15
                        OAKLAND DIVISION
16

17  LOGAN HESSEFORT, Individually and on      )   Lead Case No. 4:18-cv-00838-JST
    Behalf of All Others Similarly Situated,   )
18                                             )   CLASS ACTION
                            Plaintiff,         )
                                               )   STIPULATION OF SETTLEMENT
19          vs.                                )
                                               )
20  SUPER MICRO COMPUTER, INC., et al.,        )
                                               )
21                          Defendants.        )
                                               )
22

23

24

25

26

27

28

1    This Stipulation of Settlement (the "Stipulation") is made and entered into by and between

2    Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension

3    Fund ("Lead Plaintiff" or the "Fund"), on behalf of itself and the proposed Class (defined below), on

4    the one hand, by and through its counsel of record in the Action (as defined herein), and Defendants

5    Super Micro Computer, Inc. ("Super Micro" or the "Company"), Charles Liang, Howard Hideshima,

6    and Yih-Shyan (Wally) Liaw (collectively, "Defendants") on the other hand, by and through their

7    counsel of record in the Action.

8    All words or terms used herein that are capitalized shall have the meanings ascribed to those

9    words or terms as set forth herein and in ¶1 hereof entitled "Definitions."

10   **I.     THE LITIGATION**

11   This is a consolidated securities class action brought against Defendants by the Fund

12   individually and on behalf of all persons or entities that purchased or otherwise acquired Super

13   Micro common stock between August 5, 2016 and January 30, 2018, inclusive (the "Class Period").

14   On February 8, 2018, the initial complaint in *Hessefort v. Super Micro Computers, Inc., et*

15   *al.*, No. 4:18-cv-00838-JST, was filed in the United States District Court for the Northern District of

16   California (the "Court"). On April 9, 2018, the Fund moved for appointment as Lead Plaintiff and

17   approval of its selection of counsel.

18   On May 25, 2018, the Court issued an order appointing the Fund as lead plaintiff and

19   approving its selection of Robbins Geller Rudman & Dowd LLP as lead counsel.

20   Lead Plaintiff filed the Consolidated Class Action Complaint for Violation of the Federal

21   Securities Laws on September 24, 2018, alleging violations of §§10(b) and 20(a) of the Securities

22   Exchange Act of 1934 ("1934 Act"). On January 22, 2019, Lead Plaintiff filed its First Amended

23   Consolidated Class Action Complaint for Violation of the Federal Securities Laws. Defendants filed

24   their motions to dismiss that complaint on March 8, 2019. Lead Plaintiff filed its opposition to the

25   motions to dismiss on April 22, 2019.

26   On June 21, 2019, Lead Plaintiff filed the Second Amended Consolidated Class Action

27   Complaint for Violation of the Federal Securities Laws. Defendants moved to dismiss that

28   complaint on July 26, 2019. Lead Plaintiff filed its opposition to the motions to dismiss on August

30, 2019, and Defendants filed their replies on September 27, 2019.  On March 23, 2020, the Court granted the motions to dismiss with leave to amend.

On April 22, 2020, Lead Plaintiff filed its Third Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws, and Defendants filed their motions to dismiss on June 5, 2020.  Lead Plaintiff filed its opposition to the motions to dismiss on July 22, 2020, and Defendants filed their replies on August 21, 2020.  On August 26, 2020, Lead Plaintiff filed a Notice of Recent Authorities, submitting to the Court the SEC's orders instituting cease-and-desist proceedings against defendants Super Micro, Liang and Hideshima.

On September 16, 2020, the Court held a conference with the parties and ordered them to provide the Court with a joint or competing proposal regarding a forthcoming amended complaint incorporating information from the SEC's orders.

On October 14, 2020, Lead Plaintiff filed the Fourth Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint").  On October 28, 2020, Defendants supplemented their existing motions to dismiss and Lead Plaintiff filed a supplemental brief in opposition to the motions to dismiss on November 12, 2020.  On November 25, 2020, Defendants filed supplemental reply briefs.  On March 29, 2021, the Court issued an order granting in part, and denying in part, the motions to dismiss.  Defendants answered the Complaint on April 30, 2021.

Following the Court's order on the motions to dismiss, Lead Plaintiff and Defendants commenced fact discovery, including document requests and interrogatories directed to the parties and subpoenas *duces tecum* directed to third parties, including the SEC, the Company's auditors, accountants, consultants and securities analysts.  The parties negotiated and provided to the Court a [Proposed] Joint Stipulated Protective Order, which was entered by the Court on June 24, 2021.

On September 1, 2021, Lead Plaintiff filed its motion to certify the class, appoint class representative, and appoint class counsel.  Defendants requested and received documents from Lead Plaintiff and subpoenaed and received documents from its investment manager Rice Hall James. Defendants took the investment manager's deposition on December 8, 2021.  Defendants took the

deposition of Lead Plaintiff's expert on market efficiency on January 21, 2022. On January 31, 2022, Defendants filed a notice of non-opposition to Lead Plaintiff's class certification motion.

On December 2, 2021, the parties attended a full-day mediation with Michelle Yoshida of Phillips ADR. In advance of the mediation, the parties exchanged and provided to Ms. Yoshida detailed confidential mediation briefs with supporting exhibits. The parties negotiated in good faith but did not reach an agreement, and litigation continued. The parties continued their negotiation efforts while litigating the Action. After extensive negotiations, on March 11, 2022, the parties reached an agreement-in-principle to settle the case on the terms set forth herein.

## II.     LEAD PLAINTIFF'S CLAIMS AND BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through discovery, summary judgment, and trial (and any possible appeals). Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Lead Counsel is mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action. Based on their evaluation, Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Class and is in the best interests of the Class.

## III.     DEFENDANTS' DENIALS OF LIABILITY

Defendants have denied and continue to deny each and all of the claims, contentions, and allegations made by Lead Plaintiff in the Action. They have expressly denied and continue to deny that they have violated the federal securities laws or any other laws, or have otherwise misled investors as alleged in the Action. Defendants have denied and continue to deny the allegations that any of the Defendants made any material misstatements or omissions or engaged in any fraudulent scheme, and that any member of the Class has suffered damages resulting from the conduct alleged in the Action. In addition, Defendants maintain that they have meritorious defenses to the claims alleged in the Action.

1    Nonetheless, Defendants have concluded that further litigation could be protracted,

2 burdensome, expensive, and distracting.  Defendants also have taken into account the uncertainty,

3 risks, and costs inherent in any litigation, especially in complex cases such as this Action.

4 Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be

5 fully, finally, and forever resolved, discharged, and settled in the manner and upon the terms and

6 conditions set forth in this Stipulation.

7    NOW THEREFORE, without any concession by Lead Plaintiff that the Action lacks merit,

8 and without any concession by Defendants of any liability or wrongdoing or truth as to the

9 allegations of Lead Plaintiff or lack of merit in Defendants' defenses, it is hereby **STIPULATED**

10 **AND AGREED**, by and among the parties to this Stipulation ("Parties"), through their respective

11 attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil

12 Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims

13 (including Unknown Claims) and all Released Defendants' Claims (including Unknown Claims), as

14 against all Released Parties, shall be fully, finally, and forever compromised, settled, released,

15 discharged, and dismissed with prejudice, and without costs (except as provided in the Stipulation),

16 upon and subject to the following terms and conditions:

17    **1.    Definitions**

18    As used in this Stipulation, the following terms shall have the meanings set forth below.

19    1.1    "Action" means the civil action captioned *Hessefort v. Super Micro Computer, Inc.,*

20 *et al.*, No. 4:18-cv-00838-JST (N.D. Cal.), pending in the United States District Court for the

21 Northern District of California before the Honorable Jon S. Tigar.

22    1.2    "Authorized Claimant" means a Class Member whose claim for recovery from the

23 Settlement has been allowed pursuant to the terms of the Stipulation.

24    1.3    "Claims Administrator" means the firm of Gilardi & Co. LLC.  Defendants shall have

25 no involvement in the retention of the Claims Administrator or any other claims administrator.

26    1.4    "Class" or "Class Member" means all Persons that purchased or acquired Super

27 Micro common stock between August 5, 2016 and January 30, 2018, inclusive.  Excluded from the

28 Class are:  (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii)

1   Super Micro's subsidiaries; (iv) the officers and directors of Super Micro during the Class Period;

2   (v) any entity in which any Defendant has a controlling interest; and (vi) the legal representatives,

3   heirs, successors and assigns of any such excluded person or entity.  Also excluded from the Class

4   will be any Person who timely and validly seeks exclusion from the Class.

5        1.5    "Class Period" means the period from August 5, 2016 through January 30, 2018,

6   inclusive.

7        1.6    "Defendants" means Super Micro, Charles Liang, Howard Hideshima, and Yih-Shyan

8   (Wally) Liaw.

9        1.7    "Defendants' Counsel" means the law firms of Jones Day, Paul Hastings LLP, and

10  Bergeson LLP.

11       1.8    "Effective Date" means the date upon which the Settlement shall have become

12  effective, as set forth in ¶7.1, below.

13       1.9    "Escrow Account" means the separate escrow account designated and controlled by

14  Lead Counsel into which the Settlement Amount will be deposited for the benefit of the Class.

15       1.10   "Escrow Agent" means Lead Counsel.

16       1.11   "Fee and Expense Application" means Lead Counsel's application for an award of

17  attorneys' fees and litigation expenses, and any award to Lead Plaintiff pursuant to 15 U.S.C. §78u-

18  4(a)(4) of the PSLRA in connection with its representation of the Class.

19       1.12   "Final" means, with respect to any order of court, including, without limitation, the

20  Judgment, that such order represents a final and binding determination of all issues within its scope

21  and is not subject to further review on appeal or otherwise.  Without limitation, an order becomes

22  "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has

23  expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the

24  prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been

25  affirmed in all material respects and the prescribed time, if any, for commencing any further appeal

26  has expired.  For purposes of this definition of "Final," an "appeal" includes any motion to alter or

27  amend under Rule 52(b) or Rule 59(e) of the Federal Rules of Civil Procedure, any appeal as of

28  right, discretionary appeal, interlocutory appeal, petition for writ of certiorari, or other proceeding

involving writs of certiorari or mandamus, and any other proceedings of like kind.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment to become Final or otherwise preclude the Judgment from becoming Final.

1.13    "Individual Defendants" means Charles Liang, Howard Hideshima, and Yih-Shyan (Wally) Liaw.

1.14    "Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

1.15    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

1.16    "Lead Plaintiff" means New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund.

1.17    "Lead Plaintiff's Counsel" means Robbins Geller Rudman & Dowd LLP, Pitta LLP, and Labaton Sucharow LLP.

1.18    "Net Settlement Fund" means the Settlement Fund less:  (i) Court-awarded attorneys' fees and expenses and any award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4); (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

1.19    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action to be sent to Class Members, which shall be substantially in the form attached hereto as Exhibit A-1.

1.20    "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, limited liability partnership, domestic partnership, marital community, association, joint stock company, joint venture, or joint venturer, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

1.21    "Plan of Allocation" means the plan for allocating the Net Settlement Fund as set forth in the Notice, or such other plan of allocation as the Court may approve.

1.22    "Preliminary Approval Order" means the proposed Order Preliminarily Approving Settlement and Providing for Notice, substantially in the form attached hereto as Exhibit A.

1.23    "Proof of Claim" or "Claim Form" means the Proof of Claim for submitting a claim, which shall be substantially in the form attached hereto as Exhibit A-2.

1.24    "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of the present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each or any of them or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and any entity in which any such Defendant has a controlling interest.

1.25    "Released Claims" means any and all claims, rights, liabilities, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether contingent or absolute, asserted or unasserted, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, that both (i) arise out of, are based upon, or are related in any way to the allegations, acts, facts, matters, occurrences, disclosures, filings, statements, representations, or omissions that were or could have been alleged by Lead Plaintiff and all other Class Members in the Action whether arising under federal, state, local, common or foreign law, or any other law, rule, or regulation, whether class or individual in nature, and (ii) relate to the purchase or acquisition of Super Micro common stock during the Class Period.  Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement, claims related to any derivative action based on similar allegations, or claims under or against the Super Micro Computer, Inc. Fair Fund.

1.26    "Released Defendant Parties" means each and all of the Defendants, and each of their Related Persons.

1.27    "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties, including Lead Plaintiff's Counsel and Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

1.28    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

1.29    "Released Plaintiff Parties" means the Lead Plaintiff, each and every Class Member, Lead Plaintiff's Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Class.

1.30    "Settlement" means the resolution of the Action in accordance with the terms and provisions of the Stipulation.

1.31    "Settlement Amount" means eighteen million, two-hundred and fifty thousand U.S. dollars ($18,250,000.00) in cash.

1.32    "Settlement Fund" means the Settlement Amount and any interest earned thereon.

1.33    "Settlement Hearing" means the hearing to be held by the Court to determine whether (i) the Settlement is fair, reasonable, and adequate and should be approved; (ii) the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (iii) Lead Counsel's request for an award of attorneys' fees and expenses should be approved.

1.34    "Settling Parties" means Lead Plaintiff, on behalf of the Class, and Defendants.

1.35    "Stipulation" means this Stipulation of Settlement.

1.36    "Summary Notice" means the Summary Notice for publication, which shall be substantially in the form attached hereto as Exhibit A-3.

1.37    "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶2.8.

1.38    "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund as described in ¶2.8.

1.39    "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it, might have affected his, her or its decision to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Class.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

2.    **The Settlement**

      a.    **The Settlement Fund**

2.1    In full settlement of the Released Claims, Defendants shall cause the Settlement Amount to be transferred to an account controlled by the Escrow Agent no later than twenty-one (21) calendar days after the later of: (i) entry of the Preliminary Approval Order; or (ii) the provision to Defendants of information necessary to effectuate a payment of funds, including, without limitation, the beneficiary account name, the U.S. bank name, address, account number and ABA bank code (*i.e.*, routing number), the payment reference, a completed W-9 form for the payee, and payee instructions for payment by check (the later of the foregoing (i) and (ii) being hereinafter referred to as the "Payment Date"). These funds, together with any interest and income earned thereon once transferred, shall constitute the Settlement Fund.

2.2    If the entire Settlement Amount is not deposited into the Escrow Account by the Payment Date, Lead Counsel may terminate the Settlement but only if: (i) Defendants have received from Lead Counsel written notice of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within three (3) business days after Lead Counsel has provided such written notice.

      b.    **The Escrow Agent**

2.3    The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

2.4    The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for the Settling Parties.

2.5    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are

1    provided for under the terms of the Stipulation.  The Released Parties shall have no responsibility

2    for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any

3    transaction executed by the Escrow Agent.

4        2.6    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

5    *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

6    funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

7        2.7    Prior to the Effective Date and without further order of the Court, up to $500,000 of

8    the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually

9    incurred in connection with providing notice to the Class, locating Class Members, soliciting claims,

10   assisting with the submission of claims, processing Proofs of Claim, administering and preparations

11   for distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs,

12   if any ("Notice and Administration Expenses").  After the Effective Date, Lead Counsel may pay all

13   further reasonable Notice and Administration Expenses, regardless of amount, without further order

14   of the Court.

15       **c.    Taxes**

16       2.8    (a)    The Settling Parties agree to treat the Settlement Fund as being at all times a

17   "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.  In addition, the

18   Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions

19   of this ¶2.8, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1)

20   back to the earliest permitted date.  Such elections shall be made in compliance with the procedures

21   and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to

22   timely and properly prepare and deliver the necessary documentation for signature by all necessary

23   parties, and thereafter to cause the appropriate filing to occur.

24       (b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as

25   amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow

26   Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns

27   necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns

28   described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in

¶2.8(a) hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

(c)    All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes, and (b) Tax Expenses, including expenses and costs incurred in connection with the operation and implementation of this ¶2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.8), shall be paid out of the Settlement Fund; in all events the Released Defendant Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability therefor.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.8.

**d.    Termination of Settlement**

2.9    In the event the Stipulation is not approved or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Stipulation is not approved or Judgment is reversed or vacated following any appeal taken therefrom, the Settlement Fund (including accrued interest), less expenses actually incurred or due and owing for Notice and

1   Administration Expenses, Taxes or Tax Expenses pursuant to ¶¶2.7 or 2.8, shall be refunded

2   pursuant to ¶¶6.2 and 7.4 and to written instructions from Defendants' Counsel to the party, parties

3   or insurers that paid the Settlement Amount within twenty-one (21) calendar days from the date of

4   the notice from counsel for Defendants pursuant to ¶7.4.

5       **3.      Preliminary Approval Order and Settlement Hearing**

6       3.1      Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation

7   together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the

8   "Preliminary Approval Order"), requesting, *inter alia*, the preliminary approval of the Settlement set

9   forth in the Stipulation, certification of the Class and appointment of Lead Counsel as counsel for the

10  Class for settlement purposes only, and approval for the mailing of the Notice and publication of the

11  Summary Notice, in the forms of Exhibits A-1 and A-3, respectively, attached hereto.  The Notice

12  shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of

13  Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement

14  Hearing.

15      3.2      Lead Counsel shall request that, after notice is given to the Class, the Court hold the

16  Settlement Hearing and approve the Settlement of the Action as set forth herein.  At or after the

17  Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of

18  Allocation and the Fee and Expense Application.

19      **4.      Releases**

20      4.1      Upon the Effective Date, Lead Plaintiff and each of the Class Members (who have not

21  validly opted out of the Class), on behalf of themselves, and their respective former and present

22  officers, directors, employees, agents, affiliates, parents, subsidiaries, insurers, reinsurers, heirs,

23  executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be

24  deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever

25  released, relinquished, waived, and discharged against the Released Defendant Parties (whether or

26  not such Class Members execute and deliver the Proof of Claim) any and all Released Claims

27  (including, without limitation, Unknown Claims).

28

STIPULATION OF SETTLEMENT - 4:18-cv-00838-JST                                              - 13 -

4.2     Upon the Effective Date, Lead Plaintiff and each of the Class Members (who have not validly opted out of the Class) shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any Released Defendant Party, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims).   The Court shall retain exclusive jurisdiction to interpret and enforce the permanent injunction described in this paragraph.

4.3     The Proof of Claim to be executed by Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto; provided, however, that the failure of a Class Member to submit such Proof of Claim shall have no effect on the provisions of the foregoing ¶¶4.1 and 4.2, inclusive, which shall remain in full force and effect as to each of the Class Members (who have not validly opted out of the Class) irrespective of any lack of submission of a Proof of Claim.

4.4     Upon the Effective Date, each of the Released Defendant Parties, on behalf of themselves, and their respective former and present officers, directors, employees, agents, affiliates, parents, subsidiaries, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiff Parties, including Lead Plaintiff's Counsel, from all Released Defendants' Claims (including, without limitation, Unknown Claims).  For the avoidance of doubt, the releases, relinquishments and discharges provided by the Released Defendant Parties in this Stipulation do not include the release, relinquishment or discharge of any claim or cause of action that any of the Released Defendant Parties may have against an insurer for, arising out of or related to insurance coverage for, arising out of or related to the Action or any related matter or proceeding, including any derivative action based on similar allegations.

**5.      Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the

Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     Within ten (10) calendar days after the Court enters the Preliminary Approval Order, Super Micro shall provide Lead Counsel or the Claims Administrator, without any charge to Lead Plaintiff or the Class, record shareholder lists, as appropriate for providing notice to the Class.  The parties shall determine an appropriate electronic format for provision of this information.

5.3     In accordance with the schedule set forth in the Preliminary Approval Order, Lead Counsel will cause the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, to be mailed by the Claims Administrator to all shareholders of record, or nominees.  The Notice and Proof of Claim shall also be posted on the Settlement website.  In accordance with the schedule set forth in the Preliminary Approval Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.  The cost of providing such notice shall be paid out of the Settlement Fund.

5.4     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay all Taxes and Tax Expenses described in ¶2.8 hereof;

(c)     to pay Lead Counsel's attorneys' fees and expenses (the "Fee and Expense Award") and the award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court; and

(d)     to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.5     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶5.6-5.9 below.

5.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached

hereto, postmarked by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to such Person.

5.7    Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

5.8    The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund, as long as the Authorized Claimant will receive at least $10.00.

5.9    Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion.  These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Investor Protection Trust.

5.10    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the processing, review, determination or calculation of any claims, the distribution of the Net Settlement Fund, the Plan of Allocation, the payment or withholding of Taxes, or any losses incurred in connection therewith.

1   5.11   Defendants shall take no position with respect to the Plan of Allocation or any other

2   such plan as may be approved by the Court.

3   5.12   It is understood and agreed by the Settling Parties that any proposed Plan of

4   Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an

5   Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered

6   by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy

7   of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of

8   Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's

9   Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered

10  pursuant to the Stipulation.  Class Members and Defendants shall be bound by the terms of this

11  Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

12  5.13   No Person shall have any claim against Lead Plaintiff, the Class, Lead Plaintiff's

13  Counsel, Released Defendant Parties, Defendants' Counsel, or the Claims Administrator based on

14  distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of

15  Allocation, or otherwise as further ordered by the Court.

16  **6.   Lead Counsel's Attorneys' Fees and Expenses**

17  6.1   Lead Counsel may submit an application or applications (the "Fee and Expense

18  Application") for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with

19  prosecuting the Action; plus (c) any interest on such attorneys' fees and expenses at the same rate

20  and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the

21  Court.  Any and all such fees, expenses and costs awarded by the Court shall be payable solely out of

22  the Settlement Fund.  In addition, Lead Plaintiff may submit an application for an award from the

23  Settlement Fund pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the

24  Class.

25  6.2   The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead

26  Counsel from the Settlement Fund, as ordered, immediately upon entry of the Court's order

27  awarding such fees and expenses.  This provision shall apply notwithstanding timely objection to,

28  potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses.

Lead Counsel shall thereafter allocate the attorneys' fees amongst other Lead Plaintiff's Counsel in a manner that Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and resolution of the Action.  Any such awards shall be paid solely by the Settlement Fund.  In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶6.1 and this ¶6.2 is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal or modification, refund such fees or expenses to the Settlement Fund pursuant to ¶2.9, plus the interest earned thereon, within twenty-one (21) calendar days from receiving notice from Defendants' Counsel or from a court of competent jurisdiction.  Each Lead Plaintiff's Counsel, as a condition of receiving such fees or expenses on behalf of itself and each partner and/or shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, with all amounts to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

6.4     Defendants shall not have any responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel or any amount to Lead Plaintiff apart from payment of the Settlement Amount pursuant to ¶2.1.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

1           (b)     the Court has entered the Preliminary Approval Order, substantially in the

2  form of Exhibit A hereto, as required by ¶3.1 hereof;

3           (c)     the Settlement Amount has been deposited into the Escrow Account;

4           (d)     Super Micro has not exercised its option to terminate the Stipulation pursuant

5  to ¶7.3 hereof;

6           (e)     the Court has entered the Judgment that, *inter alia*, dismisses with prejudice

7  the Action, as to the Lead Plaintiff and other Class Members, and as against each of the Defendants,

8  as set forth above; and

9           (f)     the Judgment has become Final, as defined in ¶1.12 hereof.

10       7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all

11  remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and

12  forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met, then the

13  Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and counsel

14  for Defendants on behalf of their respective clients mutually agree in writing to proceed with the

15  Settlement.

16       7.3     If, prior to the Settlement Hearing, Persons who otherwise would be members of the

17  Class have timely and validly requested exclusion from the Class in accordance with the provisions

18  of the Preliminary Approval Order and the Notice given pursuant thereto, and if the total number of

19  shares of Super Micro common stock purchased or acquired by such Persons during the Class Period

20  equals or exceeds an amount specified in a separate Supplemental Agreement Regarding Requests

21  for Exclusion ("Supplemental Agreement") executed between Lead Plaintiff and Defendants, then

22  Super Micro shall have the option to terminate this Stipulation and Settlement in accordance with the

23  procedures set forth in the Supplemental Agreement.  The Supplemental Agreement will not be filed

24  with the Court unless and until a dispute between Lead Plaintiff and Super Micro concerning its

25  interpretation or application arises.

26       7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or

27  be canceled, or shall not become effective for any reason, within twenty-one (21) calendar days after

28  written notification of such event is sent by Defendants' Counsel to the Escrow Agent, the

Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.7 or 2.8 hereof, shall be refunded pursuant to written instructions from Defendants' Counsel to the party, parties or insurers that paid the Settlement Amount.  At the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' Counsel to the party, parties or insurers that paid the Settlement Amount.

7.5    In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of March 11, 2022.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.39, 2.7-2.8, 7.2, and 8.3 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of March 11, 2022. No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees and expenses, interest, or other payment awarded by the Court to Lead Counsel or Lead Plaintiff shall constitute grounds for cancellation or termination of the Stipulation.

## 8.    Miscellaneous Provisions

8.1    The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

8.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement shall not be deemed an admission by any Settling Party or any of the Released Parties as to the merits of any claim or defense.  The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule

11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense or settlement of the Action, and the Final Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

8.3     Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Defendant Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

8.5     All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation.

1       8.6    All of the Exhibits to the Stipulation are material and integral parts hereof and are

2  fully incorporated herein by this reference.

3       8.7    The Stipulation may be amended or modified only by a written instrument signed by

4  or on behalf of all Settling Parties or their respective successors-in-interest.

5       8.8    No waiver of any term or provision of this Stipulation, or of any breach or default

6  hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all

7  Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this

8  Stipulation, or of any breach or default hereof or hereunder, shall be construed as a waiver of the

9  same or any other term or provision or of any previous or subsequent breach thereof.

10       8.9    The Stipulation and the Exhibits attached (together with the Supplemental Agreement

11  referred to in ¶7.3) hereto constitute the entire agreement among the Settling Parties and no

12  representations, warranties, or inducements have been made to any Settling Party concerning the

13  Stipulation or its Exhibits other than the representations, warranties, and covenants contained and

14  memorialized in such documents.  Except as otherwise provided herein each Settling Party shall bear

15  its own costs.

16       8.10   The Settlement is not conditioned upon the settlement or approval of settlement of

17  any derivative lawsuits or other lawsuits.

18       8.11   This Stipulation shall be construed and interpreted to effectuate the intent of the

19  Settling Parties, which is to resolve completely those claims and disputes, including in the Action,

20  and as more fully described herein.  If any provision of this Stipulation shall be determined to be

21  invalid, void, or illegal, such provision shall be construed and amended in a manner that would

22  permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other

23  provision hereof.

24       8.12   Neither the Class Members nor Defendants shall be bound by the Stipulation if the

25  Court modifies material terms thereof; provided, however, that it shall not be a basis for Class

26  Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or

27  criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or the Plan of

28  Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court

disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund. Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds in addition to the Settlement Fund.

8.13    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

8.14    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

8.15    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by UPS (charges prepaid); or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Lead Plaintiff or to Lead Plaintiff's Counsel:

> Ellen Gusikoff Stewart
> Robbins Geller Rudman & Dowd LLP
> 655 West Broadway, Suite 1900
> San Diego, CA 92101

If to Defendants Super Micro and Liaw or Super Micro or Liaw's Counsel:

> Stephen D. Hibbard
> Jones Day
> 555 California Street, 26th Floor
> San Francisco, CA 94104

If to Defendants Hideshima or Hideshima's Counsel:

> D. Scott Carlton
> Paul Hastings LLP
> 515 South Flower Street, 25th Floor
> Los Angeles, CA 90071

If to Defendant Liang or Liang's Counsel:

Daniel J. Bergeson
Bergeson LLP
111 North Market Street, Suite 600
San Jose, CA 95113

8.16    The Stipulation may be executed in one or more counterparts.    All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

8.17    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

8.18    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

8.19    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed, and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

8.20    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California, without giving effect to that State's choice-of-law principles.

8.21    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

1        IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation to be executed,

2  by their duly authorized attorneys, as of April 8, 2022.

3                           ROBBINS GELLER RUDMAN
                                     &DOWD LLP

4                           SHAWN A. WILLIAMS
                           DANIEL J. PFEFFERBAUM

7                              DANIEL J. PFEFFERBAUM

8                           Post Montgomery Center
                           One Montgomery Street, Suite 1800

9                           San Francisco, CA  94104
                           Telephone:  415/288-4545

10                         415/288-4534 (fax)

11                           ROBBINS GELLER RUDMAN
                             & DOWD LLP

12                           ELLEN GUSIKOFF STEWART

13                           PATTON L. JOHNSON
                           655 West Broadway, Suite 1900

14                           San Diego, CA  92101
                           Telephone:  619/231-1058

15                         619/231-7423 (fax)
                           elleng@rgrdlaw.com

16                         pjohnson@rgrdlaw.com

17                         Lead Counsel for Lead Plaintiff

18                         PITTA LLP
                           VINCENT F. PITTA

19                         120 Broadway, 28th Floor
                         New York, NY  10271

20                         Telephone: 212/652-3890
                         212/652-3891 (fax)

21                         Additional Counsel for Plaintiffs

23                         LABATON SUCHAROW LLP
                         CHRISTINE M. FOX

24                         140 Broadway, 34th Floor
                         New York, NY  10005

25                         Telephone:  212/907-0700
                         212/818-0477 (fax)

26                         cfox@labaton.com

27                         Additional Counsel for the Proposed Class

28

1

JONES DAY
STEPHEN D. HIBBARD

2

3

4

_____
STEPHEN D. HIBBARD

5

6

555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: 415/626-3939
415/875-5700 (fax)

7

8

9

Attorneys for Defendants Super Micro Computer,
Inc. and Wally Liaw

10

PAUL HASTINGS LLP
D. SCOTT CARLTON

11

12

13

_____
D. SCOTT CARLTON

14

15

515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone:  213/683-6000
213/627-0705 (fax)

16

17

Attorneys for Defendant Howard Hideshima

18

BERGESON LLP
DANIEL J. BERGESON

19

20

_____
DANIEL J. BERGESON

21

22

111 North Market Street, Suite 600
San Jose, CA 95113
Telephone:  408/291-6200
408/297-6000 (fax)

23

24

Attorneys for Defendant Charles Liang

25

26

27

28

1

JONES DAY
STEPHEN D. HIBBARD

2

3

4
_____
STEPHEN D. HIBBARD

5

6
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: 415/626-3939
415/875-5700 (fax)

7

8

9
Attorneys for Defendants Super Micro Computer,
Inc. and Wally Liaw

10

PAUL HASTINGS LLP
D. SCOTT CARLTON

11

12
*D. Scott Carlton*
_____
D. SCOTT CARLTON

13

14

15
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone:  213/683-6000
213/627-0705 (fax)

16

17
Attorneys for Defendant Howard Hideshima

18

BERGESON LLP
DANIEL J. BERGESON

19

20
_____
DANIEL J. BERGESON

21

22
111 North Market Street, Suite 600
San Jose, CA 95113
Telephone:  408/291-6200
408/297-6000 (fax)

23

24
Attorneys for Defendant Charles Liang

25

26

27

28

1    JONES DAY
        STEPHEN D. HIBBARD

2

3

4    _____
        STEPHEN D. HIBBARD

5

6    555 California Street, 26th Floor
        San Francisco, CA 94104

7    Telephone: 415/626-3939
        415/875-5700 (fax)

8

9    Attorneys for Defendants Super Micro Computer,
        Inc. and Wally Liaw

10    PAUL HASTINGS LLP
        D. SCOTT CARLTON

11

12

13    _____
        D. SCOTT CARLTON

14    515 South Flower Street, 25th Floor

15    Los Angeles, CA 90071
        Telephone:  213/683-6000

16    213/627-0705 (fax)

17    Attorneys for Defendant Howard Hideshima

18    BERGESON LLP
        DANIEL J. BERGESON

19

20

21    _____
        DANIEL J. BERGESON

22    111 North Market Street, Suite 600
        San Jose, CA 95113

23    Telephone:  408/291-6200
        408/297-6000 (fax)

24    Attorneys for Defendant Charles Liang

25

26

27

28

# EXHIBIT A

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
        – and –
ELLEN GUSIKOFF STEWART (144892)
PATTON L. JOHNSON (320631)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
pjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LOGAN HESSEFORT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SUPER MICRO COMPUTER, INC., et al., <br><br> Defendants. | Lead Case No. 4:18-cv-00838-JST <br><br> CLASS ACTION <br><br> [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE <br><br> EXHIBIT A |

1    WHEREAS, an action is pending before this Court entitled *Hessefort v. Super Micro*
2    *Computer, Inc., et al.*, Case No. 4:18-cv-00838-JST (the "Litigation");

3    WHEREAS, the parties having made application, pursuant to Federal Rule of Civil
4    Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance
5    with a Stipulation of Settlement dated April 8, 2022 (the "Stipulation"), which, together with the
6    Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the
7    Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth
8    therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;
9    and

10   WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set
11   forth in the Stipulation.

12   NOW, THEREFORE, IT IS HEREBY ORDERED:

13   1.    After a preliminary review, the Settlement appears to be fair, reasonable, and
14   adequate.  The Settlement: (a) resulted from arm's-length negotiations overseen by an experienced
15   mediator; (b) eliminates the risks to the Parties of continued litigation; (c) does not provide undue
16   preferential treatment to Lead Plaintiff or to segments of the Class; (d) does not provide excessive
17   compensation to counsel for the Class; and (e) appears to fall within the range of possible approval
18   and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the
19   Settlement to the Class.  Accordingly, the Court does hereby preliminarily approve the Stipulation
20   and the Settlement set forth therein, subject to further consideration at the Settlement Hearing
21   described below.

22   2.    A hearing (the "Settlement Hearing") shall be held before this Court on _____,
23   2022, at _:___ _.m. [a date that is at least 100 days from the date of this Order], at the United States
24   District Court for the Northern District of California, Oakland Division, Oakland Courthouse,
25   Courtroom 6 – 2nd Floor, 1301 Clay Street, Oakland, CA 94612, for the following purposes:

26   a.    to determine whether the Settlement is fair, reasonable, and adequate, and
27   should be approved by the Court;

28

b. to finally determine whether Judgment as provided under the Stipulation should be entered, dismissing the Fourth Amended Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Defendant Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any Released Claims or Released Defendants' Claims extinguished by the Settlement;

c. to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

d. to consider the application of Lead Counsel for an award of attorneys' fees and expenses, and any application for an award to Lead Plaintiff;

e. to consider Class Members' objections to the Settlement, Plan of Allocation or application for fees and expenses; and

f. to rule upon such other matters as the Court may deem appropriate.

3. The Court may adjourn the Settlement Hearing without further notice to the members of the Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law. The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Fourth Amended Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or made awards to the Lead Plaintiff.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for the sole purpose of effectuating the Settlement, a Class defined as follows:

> All Persons that purchased or acquired Super Micro common stock between August 5, 2016 and January 30, 2018, inclusive ("Class Period"). Excluded from the Class are: (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) Super Micro's subsidiaries; (iv) the officers and directors of Super Micro during the Class Period; (v) any entity in which any Defendant has a controlling interest; and (vi) the legal representatives, heirs, successors and assigns of

any such excluded person or entity. Also excluded from the Class will be any Person who timely and validly seeks exclusion from the Class.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund (the "Fund") is appointed as representative of the Class, and Lead Counsel Robbins Geller Rudman & Dowd LLP is appointed as Class Counsel for the Class.

6.      With respect to the Class, this Court finds, for purposes of effectuating the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Fund are typical of the claims of the Class; (d) the Fund and its counsel have fairly and adequately represented and protected the interests of all Class Members; (e) the questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

7.      The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim Form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A- 2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶10-11 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

9.      Super Micro shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff, the Settlement Fund, Lead Counsel or the Claims Administrator, within ten (10) calendar days after the Court enters this Order, documentation or data in the possession of Super Micro or its present or former stock transfer agents sufficient to identify to the extent available the record holders of Super Micro common stock during the period from August 5, 2016 through January 30, 2018, inclusive, and their last known addresses or other similar information.  The Parties shall determine an appropriate electronic format for provision of this information.

10.      Lead Counsel, through the Claims Administrator, shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, within twenty (20) calendar days after the Court signs this Order (the "Notice Date"), or by _____, 2022, by first-class mail to all Class Members who can be identified with reasonable effort, and to be posted on the Settlement website at www.SuperMicroSecuritiesSettlement.com.

11.      Not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

12.      At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

13.      Nominees who purchased or acquired Super Micro common stock for the beneficial ownership of Class Members during the Class Period shall (a) within seven (7) calendar days of receipt of the Notice and the Proof of Claim ("Notice Packet"), request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice Packet, send a list of the names

1   and addresses of all such beneficial owners to the Claims Administrator in which event the Claims

2   Administrator shall promptly mail the Notice Packet to such beneficial owners.  Lead Counsel shall,

3   if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-

4   pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the

5   Settlement Fund, which expenses would not have been incurred except for the sending of such

6   notice, subject to further order of this Court with respect to any dispute concerning such

7   compensation.

8       14.    In order to be entitled to participate in the recovery from the Settlement Fund after the

9   Effective Date, each Class Member shall take the following action and be subject to the following

10  conditions:

11              a.    A properly completed and executed Proof of Claim must be submitted to the

12                    Claims Administrator, at the post office box or electronic mailbox indicated

13                    in the Notice and Proof of Claim, postmarked no later than ninety (90)

14                    calendar days from the Notice Date.  Such deadline may be further extended

15                    by Order of the Court.  Each Proof of Claim shall be deemed to have been

16                    submitted when legibly postmarked (if properly addressed and mailed by

17                    first-class mail).  Any Proof of Claim submitted in any other manner shall be

18                    deemed to have been submitted when it was actually received by the Claims

19                    Administrator at the address designated in the Notice.

20              b.    The Proof of Claim submitted by each Class Member must satisfy the

21                    following conditions: (i) it must be properly filled out, signed and submitted

22                    in a timely manner in accordance with the provisions of the preceding

23                    subparagraph; (ii) it must be accompanied by adequate supporting

24                    documentation for the transactions reported therein, in the form of broker

25                    confirmation slips, broker account statements, an authorized statement from

26                    the broker containing the transactional information found in a broker

27                    confirmation slip, or such other documentation as is deemed adequate by the

28                    Claims Administrator or Lead Counsel; (iii) if the person executing the Proof

of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c.   Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

d.   For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

15.   Any Class Member who does not timely submit a valid and timely Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late claims.

16.   Any member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

17.   All Class Members shall be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable, unless such persons request to be excluded, or "opt out," from the Class.  A Class Member wishing to be excluded from the Class must submit to the

1   Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail, or

2   otherwise hand-deliver it, such that it is received no later than twenty-one (21) calendar days prior to

3   the Settlement Hearing, or _____, 2022, to the address listed in the Notice.  A Request for

4   Exclusion must be signed and must legibly state: (a) the name, address, and telephone number of the

5   Person requesting exclusion; (b) the number of shares of Super Micro common stock that the Person

6   requesting exclusion (i) owned as of the opening of trading on August 5, 2016, and (ii) purchased,

7   acquired and/or sold during the Class Period, as well as the number of shares, dates and prices for

8   each such purchase, acquisition and sale; and (c) that the Person wishes to be excluded from the

9   Class in *Hessefort v. Super Micro Computer, Inc., et al.*, No. 4:18-cv-00838-JST.  All Persons who

10  submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have

11  no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and

12  shall not be bound by the Stipulation or any Final Judgment.  Unless otherwise ordered by the Court,

13  any Class Member who does not submit a valid and timely written Request for Exclusion as

14  provided by this paragraph shall be bound by the Stipulation.

15      18.     The Claims Administrator or Lead Counsel shall cause to be provided to Defendants'

16  Counsel copies of all Requests for Exclusion as expeditiously as possible, but in no event later than

17  five (5) business days of receipt thereof and in any event at least fourteen (14) calendar days before

18  the Settlement Hearing.

19      19.     The Court will consider comments or objections to the Settlement, the Plan of

20  Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, including an

21  award to the Lead Plaintiff as provided for by 15 U.S.C. §78u-4(a)(4), only if such comments or

22  objections and any supporting papers are submitted to the Court either by mailing them to the Class

23  Action Clerk, United States District Court for the Northern District of California, Oakland Division,

24  1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United

25  States District Court for the Northern District of California.  Such comments or objections must be

26  filed or postmarked at least twenty-one (21) calendar days prior to the Settlement Hearing, or

27  _____, 2022. Attendance at the Settlement Hearing is not necessary but any Person wishing to

28  be heard orally in opposition to the Settlement, the Plan of Allocation, or the application for

1    attorneys' fees and expenses or awards to the Lead Plaintiff is required to indicate in their written

2    objection whether they intend to appear at the Settlement Hearing.  The notice of objection must

3    include documentation establishing the objecting Person's membership in the Class, including the

4    number of shares of Super Micro common stock that the objecting Person (i) owned as of the

5    opening of trading on August 5, 2016, and (ii) purchased, acquired and/or sold during the Class

6    Period, as well as the dates and prices for each such purchase, acquisition or sale, and contain a

7    statement of reasons for the objection, including whether it applies only to the objector, to a specific

8    subset of the Class, or to the entire Class.  The objection must identify all other class action

9    settlements the objector and his, her or its counsel has previously objected to, copies of any papers,

10   briefs, or other documents upon which the objection is based, and contain the objector's signature,

11   even if represented by counsel.  Any member of the Class who does not make his, her or its

12   objection in the manner provided shall be deemed to have waived such objection and shall forever be

13   foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the

14   Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead

15   Counsel or awards to the Lead Plaintiff unless otherwise ordered by the Court.  Class Members do

16   not need to appear at the Settlement Hearing or take any other action to indicate their approval.

17           20.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

18   *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

19   funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20           21.     All opening briefs and supporting documents in support of the Settlement, the Plan of

21   Allocation, and any application by Lead Counsel for attorneys' fees and expenses and awards to the

22   Lead Plaintiff shall be filed and served no later than thirty-five (35) calendar days before the

23   Settlement Hearing, or _____, 2022.  Replies to any objections shall be filed and served at

24   least seven (7) calendar days prior to the Settlement Hearing, or _____, 2022.

25           22.     The Released Defendant Parties shall have no responsibility for the Plan of Allocation

26   or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will

27   be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any

28   order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or

1    expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not

2    operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment

3    approving the Stipulation and the settlement of the Litigation.

4          23.    At or after the Settlement Hearing, the Court shall determine whether the Plan of

5    Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of

6    expenses shall be approved.

7          24.    All reasonable expenses incurred in identifying and notifying Class Members, as well

8    as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

9          25.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations

10   or proceedings connected with it, shall be construed as an admission or concession by the

11   Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or

12   wrongdoing of any kind.

13         26.    If the Stipulation and the Settlement set forth therein is not approved or consummated

14   for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection

15   therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

16         27.    Pending final determination of whether the proposed Settlement should be approved,

17   neither the Lead Plaintiff, nor any Class Member, directly or indirectly, representatively, or in any

18   other capacity, shall commence or prosecute against any of the Released Defendant Parties, any

19   action or proceeding in any court or tribunal asserting any of the Released Claims.

20         28.    The Court's orders entered during this Litigation relating to the confidentiality of

21   information shall survive this Settlement.

22         IT IS SO ORDERED.

23   DATED: _____                    _____
                                             THE HONORABLE JON S. TIGAR
24                                           UNITED STATES DISTRICT JUDGE

25

26

27

28

# EXHIBIT A-1

1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
   DANIEL J. PFEFFERBAUM (248631)
3  Post Montgomery Center
   One Montgomery Street, Suite 1800
4  San Francisco, CA  94104
   Telephone:  415/288-4545
5  415/288-4534 (fax)
   shawnw@rgrdlaw.com
6  dpfefferbaum@rgrdlaw.com
         – and –
7  ELLEN GUSIKOFF STEWART (144892)
   PATTON L. JOHNSON (320631)
8  655 West Broadway, Suite 1900
   San Diego, CA  92101
9  Telephone:  619/231-1058
   619/231-7423 (fax)
10 elleng@rgrdlaw.com
   pjohnson@rgrdlaw.com
11
   Lead Counsel for Lead Plaintiff
12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                          OAKLAND DIVISION

16 LOGAN HESSEFORT, Individually and on      )  Lead Case No. 4:18-cv-00838-JST
   Behalf of All Others Similarly Situated,   )
17                                            )  CLASS ACTION
                              Plaintiff,       )
18                                            )  NOTICE OF PENDENCY AND PROPOSED
              vs.                             )  SETTLEMENT OF CLASS ACTION
19                                            )
   SUPER MICRO COMPUTER, INC., et al.,        )  EXHIBIT A-1
20                                            )
                              Defendants.      )
21 _____)

22

23

24

25

26

27

28

*__A Federal Court authorized this Notice.  This is not a solicitation from a lawyer__*.

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Litigation") if you purchased or otherwise acquired the common stock of Super Micro Computer, Inc. ("Super Micro" or the "Company") from August 5, 2016 through January 30, 2018, inclusive (the "Class Period").**

**NOTICE OF SETTLEMENT:  Please also be advised that the Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund ("Lead Plaintiff"), on behalf of the Class (as defined in ¶1 below), has reached a proposed settlement of the Litigation for a total of $18.25 million in cash that will resolve all claims in the Litigation (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

1.    **Description of the Litigation and the Class**:  This Notice relates to a proposed Settlement of a class action lawsuit pending against the following defendants:  Super Micro, Charles Liang, Howard Hideshima, and Yih-Shyan (Wally) Liaw ("Defendants") (collectively, with Plaintiffs, the "Settling Parties").  The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class"): all Persons that purchased or acquired Super Micro common stock during the Class Period.  Excluded from the Class are: (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) Super Micro's subsidiaries; (iv) the officers and directors of Super Micro during the Class Period; (v) any entity in which any Defendant has a controlling interest; and (vi) the legal representatives, heirs, successors and assigns of any such excluded person or entity.  Also excluded from the Class will be any Person who timely and validly seeks exclusion from the Class.  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at 1-888-859-1906.

2.    **Statement of Class's Recovery**:  Subject to Court approval, and as described more fully in ¶¶46-52 below, Lead Plaintiff, on behalf of the Class, has agreed to settle all Released Claims (as defined in ¶47 below) against Defendants and other Released Defendant Parties (as defined in ¶49 below) in exchange for a settlement payment of $18.25 million in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Expenses, and attorneys' fees and litigation expenses and awards to the Lead Plaintiff) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to members of the Class.  The Plan of Allocation is a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund.  The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3.    **Statement of Average Distribution Per Share**:  The Settlement Fund consists of the $18.25 million Settlement Amount plus interest earned.  Assuming all potential Class Members elect to participate, the estimated average recovery is $0.88 per allegedly damaged share before fees and expenses.  Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and

acceptable Claim Forms as explained in the Plan of Allocation; when their shares were purchased or acquired and the price at the time of purchase or acquisition; whether the shares were sold, and if so, when they were sold and for how much.  In addition, the actual recovery of Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4.    **Statement of the Parties' Position on Damages**:  Defendants deny all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Lead Plaintiff and/or the Class and that Lead Plaintiff or other members of the Class suffered any injury.  Moreover, the parties do not agree on the amount of recoverable damages if Lead Plaintiff prevailed on each of the claims.  The issues on which the parties disagree include, but are not limited to, whether: (1) the statements made or facts allegedly omitted were material, false or misleading; (2) Defendants are otherwise liable under the securities laws for those statements or omissions or any alleged scheme to defraud; and (3) all or part of the damages allegedly suffered by members of the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.    **Statement of Attorneys' Fees and Expenses Sought**:  Lead Counsel will apply to the Court, on behalf of all Lead Plaintiff's Counsel, for an award of attorneys' fees from the Settlement Fund of no more than 25% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Lead Plaintiff's Counsel's litigation expenses (reasonable expenses or charges of Lead Plaintiff's Counsel in connection with commencing and prosecuting the Litigation), in a total amount not to exceed $310,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  If the Court approves Lead Counsel's fee and expense application, the estimated average cost per allegedly damaged share is $0.23.  In addition, Lead Counsel may apply for awards to the Lead Plaintiff in connection with its representation of the Class in an amount not to exceed $10,000.

6.    **Identification of Attorneys' Representatives**:  Lead Plaintiff and the Class are being represented by Robbins Geller Rudman & Dowd LLP ("Lead Counsel").  Any questions regarding the Settlement should be directed to Ellen Gusikoff Stewart, Esq. at Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, (800) 449-4900, settlementinfo@rgrdlaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| DO NOTHING | Get no payment.  Remain a Class Member.  Give up your rights. |
| REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM POSTMARKED OR SUBMITTED ONLINE NO LATER THAN [_____], 2022 | This is the only way to be potentially eligible to receive a payment.  If you wish to obtain a payment as a member of the Class, you will need to file a claim form (the "Claim Form" or "Proof of Claim Form"), which is included with this Notice, postmarked or submitted online no later than _____ __, 2022.  You must submit a Claim Form even if you previously submitted |

| | one in connection with Super Micro's settlement with the Securities and Exchange Commission. |
|---|---|
| EXCLUDE YOURSELF FROM THE CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS ***POSTMARKED*** NO LATER THAN [_____], 2022 | Receive no payment from this Settlement. This is the only option that allows you to ever potentially be part of any other lawsuit against any of the Defendants or the other Released Defendant Parties concerning the Released Claims. Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |
| OBJECT TO THE SETTLEMENT SO THAT IT IS ***POSTMARKED*** NO LATER THAN [_____], 2022 | Write to the Court about your view on the Settlement, or why you don't think the Settlement is fair to the Class.<br><br>If you do not exclude yourself from the Class, you may object to the Settlement, the Plan of Allocation, or the request for attorneys' fees and litigation expenses. You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund. |
| GO TO THE HEARING ON [_____], 2022, AT __:__ _.m., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS ***POSTMARKED*** NO LATER THAN [_____], 2022 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses. |

| **WHAT THIS NOTICE CONTAINS** | |
|---|---|
| Why Did I Get This Notice? | Page __ |
| What Is This Case About? What Has Happened So Far? | Page __ |
| How Do I Know If I Am Affected By The Settlement? | Page __ |
| What Are Lead Plaintiff's Reasons For The Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page __ |
| What Payment Are The Attorneys For The Class Seeking? | |
| How Will The Lawyers Be Paid? | Page __ |
| How Do I Participate In The Settlement? | |
| What Do I Need To Do? | Page __ |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION - 4:18-cv-00838-JST

- 3 -

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| What If I Do Not Want To Be A Part Of The Settlement? | |
| How Do I Exclude Myself? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? | |
| May I Speak At The Hearing If I Don't Like The Settlement? | Page __ |
| What If I Bought Shares On Someone Else's Behalf? | Page __ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page __ |

## WHY DID I GET THIS NOTICE

7.      The purpose of this Notice is to inform you about: (a) this Litigation, (b) the certification of the Class, (c) the terms of the proposed Settlement, and (d) your rights in connection with a hearing to be held before the United States District Court, Northern District of California, Oakland Division (the "Court"), on _____, 2022, at_____ _.m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters.  This Notice also describes the steps to be taken by those who wish to be excluded from the Class and, for those who remain Class Members, the steps necessary to seek to be potentially eligible to share in the distribution of the Net Settlement Fund in the event the Settlement is approved by the Court.

8.      A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members. (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)  In the Litigation, the Court has appointed Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund as the representatives of the Class and Lead Counsel as Class Counsel, for purposes of the Settlement.

9.      The Court in charge of this case is the United States District Court for the Northern District of California, Oakland Division, and the case is known as *Hessefort v. Super Micro Computer, Inc., et al.*, Case No. 4:18-cv-00838-JST.  The judge presiding over this case is the Honorable Jon S. Tigar, United States District Judge.  The institution which is suing is called Lead Plaintiff, and those who are being sued are called defendants.  In this case, the Defendants are Super Micro, Charles Liang, Howard Hideshima and Yih-Shyan (Wally) Liaw.

10.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Hearing").

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION - 4:18-cv-00838-JST

- 4 -

11.    The Settlement Hearing will be held on _____, 2022, at _____ _.m., before the Honorable Jon S. Tigar, at the United States District Court, Northern District of California, Oakland Division, Oakland Courthouse, Courtroom 6 – 2nd Floor, 1301 Clay Street, Oakland, CA 94612, for the following purposes:

(a)    to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b)    to determine whether the Judgment as provided for under the Stipulation of Settlement dated April 8, 2022 (the "Stipulation") should be entered;

(c)    to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)    to determine whether the application by Lead Counsel for an award of attorneys' fees and litigation expenses should be approved; and

(e)    to rule upon such other matters as the Court may deem appropriate.

12.    This Notice does not express any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  This process takes time.  Please be patient.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

13.    This Litigation arises under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and alleges that during the period between August 5, 2016 and January 30, 2018, inclusive (the "Class Period"), Defendants Super Micro, Charles Liang, Howard Hideshima and Yih-Shyan (Wally) Liaw made materially false and misleading statements about Super Micro's business performance and conditions.  More specifically, Lead Plaintiff alleges that during the Class Period, Defendants misled investors regarding Super Micro's business and financial results.

14.    Lead Plaintiff alleges that during the Class Period, Defendants knew or recklessly disregarded that Super Micro's financial statements contained accounting errors from premature recognition of revenue and that the Company's internal controls over financial reporting were ineffective, causing Super Micro stock to trade at artificially inflated levels.  On October 26, 2017, Super Micro announced, among other things, that the Company was investigating prematurely recognized sales revenue during the quarter ended December 31, 2016, and whether other additional improper transactions existed.  On January 30, 2018, Super Micro announced that the Company's "Audit Committee ha[d] completed the previously disclosed investigation" and that "[a]dditional time [would be] required to analyze the impact, if any, of the results of the investigation on the Company's historical financial statements, as well as to conduct additional reviews before the Company w[ould] be able to finalize its Annual Report on Form 10-K for the fiscal year ended June 30, 2017."  Super Micro also announced the resignations of three of its executives.  Following this news, the price of Super Micro stock fell $1.83 per share, or more than

7%, to close at $22.83 per share on January 31, 2018.  On November 15, 2018, Super Micro disclosed, among other things, that its financial statements from fiscal year 2015 through the first three quarters of fiscal year 2017 should no longer be relied upon because of errors and would be restated.  On May 17, 2019, Super Micro filed its 2017 Form 10-K restating financial results for a five-year period from 2013-2017 and disclosed extensive accounting violations, unethical sales practices, and an inappropriate tone at the top focused on increasing quarterly revenues at the expense of compliance.  On August 25, 2020, the Securities and Exchange Commission entered three separate cease-and-desist orders against defendants Super Micro, Liang and Hideshima, pertaining to additional events and allegations that occurred during the Class Period.

15.     On October 14, 2020, Lead Plaintiff filed its Fourth Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws.  On October 28, 2020, Defendants supplemented their existing motions to dismiss, Lead Plaintiff filed a supplemental brief in opposition to the motion to dismiss on November 12, 2020.  On November 25, 2020, Defendants filed supplemental reply briefs.  On March 29, 2021, the Court issued an order granting in part, and denying in part, the motions to dismiss the Complaint.

16.     Following the Court's order on the motion to dismiss, Lead Plaintiff and Defendants commenced fact discovery, including document requests directed to the parties and subpoenas *duces tecum* directed to third parties.  The parties negotiated and provided to the Court a [Proposed] Joint Stipulated Protective Order, which was entered by the Court on June 24, 2021.

17.     On September 1, 2021, Lead Plaintiff filed its motion to certify the class, appoint class representative, and appoint class counsel.  Defendants requested and received documents from Lead Plaintiff and its investment manager.  Defendants took the deposition of Lead Plaintiff's investment manager on December 8, 2021, and of Lead Plaintiff's expert on market efficiency on January 21, 2022.

18.     In the course of the Litigation, the Settling Parties engaged the services of Michelle Yoshida, of Phillips ADR, a nationally recognized mediator.  The Settling Parties engaged in a mediation session with Ms. Yoshida on December 2, 2021.  In advance of the mediation, the parties exchanged and provided to Ms. Yoshida detailed confidential mediation briefs with supporting exhibits.  While the Settling Parties did not reach an agreement to settle the Litigation at the mediation, the Settling Parties continued settlement negotiations with the assistance of Ms. Yoshida.  On March 11, 2022, the Settling Parties executed a term sheet setting forth their agreement in principle to resolve the Litigation.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

19.     If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of all Persons that purchased or acquired Super Micro common stock between August 5, 2016 and January 30, 2018, inclusive.  Excluded from the Class are: (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) Super Micro's subsidiaries; (iv) the officers and directors of Super Micro during the Class Period; (v) any entity in which any Defendant has a controlling interest; and (vi) the legal representatives, heirs, successors and assigns of any such excluded person or entity.  Also excluded from the Class will be any Person who timely and validly seeks exclusion from the Class.  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free

at 1-888-859-1906.  (*See* "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?," below.)

> RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [_____], 2022.  YOU MAY ALSO SUBMIT A CLAIM FORM ONLINE AT WWW.SUPERMICROSECURITIESSETTLEMENT.COM BY _____, 2022.

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

20.     Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability, obtaining class certification and establishing damages.  Lead Plaintiff and Lead Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one.  Such risks include, in particular, the risk that Lead Plaintiff would be unsuccessful in proving that the remaining Defendants' alleged misstatements were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Class.

21.     In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $18.25 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery after summary judgment, trial and appeals, possibly years in the future.

22.     Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Litigation.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Class have suffered any damage, or that Lead Plaintiff or the Class were harmed by the conduct alleged in the Litigation.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

23.     If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of the alleged claims, neither Lead Plaintiff nor the Class would recover anything from Defendants.  If Lead Plaintiff was not to succeed in obtaining class certification, Defendants may have asserted the defense that the claims of Class Members were untimely under applicable statutes of limitations and statutes of repose.  Also, if Defendants were successful in

proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

24.     Defendants have agreed to cause to be paid Eighteen Million Two Hundred and Fifty Thousand Dollars ($18,250,000.00) in cash into escrow for the benefit of the Class.  At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement.  Lead Plaintiff has proposed a plan for allocating the Net Settlement Fund to those Class Members who timely submit valid Proof of Claim Forms.  The Plan of Allocation proposed by Lead Plaintiff is set forth below, and additional information is available on the website created for purposes of this Settlement, www.SuperMicroSecuritiesSettlement.com.

25.     Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants.  No person or entity shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Plaintiff's Counsel, the Lead Plaintiff, Class Members, the Claims Administrator, Defendants and the other Released Defendant Parties (defined below), or any person or entity designated by Lead Counsel.  All members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including Class Members' release of all Released Claims.

26.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Class.

27.     The Plan of Allocation set forth below is the proposed plan submitted by Lead Plaintiff and Lead Counsel for the Court's approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Class.

28.     Each claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of California, Oakland Division, with respect to his, her or its Claim Form.

29.     Persons and entities that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim Forms.

## PLAN OF ALLOCATION

30.     The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  In developing the Plan of Allocation, Lead Plaintiff's damages consultant calculated the potential amount of estimated alleged artificial inflation in Super Micro common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions.  In calculating the estimated alleged artificial inflation allegedly caused by

Defendants' alleged misrepresentations and omissions, Lead Plaintiff' damages consultant considered the market and industry adjusted price changes in Super Micro's stock price following certain corrective disclosures regarding Super Micro and the allegations in the Fourth Amended Complaint.

31.     The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

32.     In order to have recoverable damages, a disclosure of the alleged truth omitted or concealed by the misrepresentations must be the cause of the decline in the price of Super Micro common stock.  In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the prices of Super Micro common stock.

33.     Based on the formula set forth below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Super Micro common stock during the Class Period that is listed in the Proof of Claim Form and for which adequate documentation is provided.  In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero.

34.     The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90 day-look back amount of $16.43.

| Inflation Period | Inflation per Share |
| --- | --- |
| August 5, 2016 – August 29, 2017 | $12.20 |
| August 30, 2017 – September 14, 2017 | $10.69 |
| September 15, 2017 – September 17, 2017 | $8.75 |
| September 18, 2017 – October 26, 2017 | $6.55 |
| October 27, 2017 – January 30, 2018 | $5.13 |
| January 31, 2018 – March 18, 2018 | $3.32 |
| March 19, 2018 – August 21, 2018 | $2.70 |

For shares of Super Micro common stock purchased, or acquired, on or between August 5, 2016 through and including January 30, 2018, the claim per share shall be as follows:

(a)     If sold prior to August 30, 2017, the claim per share is $0.00.

(b)     If sold on or between August 30, 2017 through August 21, 2018, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; and (ii) the difference between the purchase price and the selling price.

(c)     If retained at the end of August 21, 2018 and sold on or before November 19, 2018, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table A below.

(d)     If retained at the end of November 19, 2018, or sold thereafter, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase and (ii) the difference between the purchase price and $16.43.

## **ADDITIONAL PROVISIONS**

35.     The Net Settlement Fund will be allocated among all Authorized Claimants based on the amount of each Authorized Claimant's Recognized Claim (defined below).

36.     If a Class Member has more than one purchase/acquisition or sale of Super Micro common stock, purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

37.     A claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts.

38.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

39.     Purchases or acquisitions and sales of Super Micro common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Super Micro common stock during the Class Period shall not be deemed a purchase, acquisition or sale of Super Micro common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Super Micro common stock unless (i) the donor or decedent purchased or otherwise acquired such Super Micro common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

40.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Super Micro common stock.  The date of a "short sale" is deemed to be the date of sale of the Super Micro common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a claimant has an opening short position in Super Micro common stock, the earliest Class Period purchases or acquisitions of Super Micro common stock shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

41.     Option contracts are not securities eligible to participate in the Settlement.  With respect to Super Micro common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price of the common stock is the exercise price of the option.

42.     To the extent a claimant had a market gain with respect to his, her, or its overall transactions in Super Micro common stock during the Class Period, the value of the claimant's Recognized Claim shall be zero.  Such claimants shall in any event be bound by the Settlement.  To the extent that a claimant suffered an overall market loss with respect to his, her, or its overall transactions in Super Micro common stock during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the claimant's Recognized Claim shall be limited to the amount of the actual market loss.

43.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund within a reasonable time after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to the Investor Protection Trust.

44.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against the Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages consultant, or the Claims Administrator or other agent designated by Lead Counsel, or the Defendants' releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  The Lead Plaintiff, and Defendants, their respective counsel, Lead Plaintiff's damages consultant, and all other releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

45.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with its damages consultant.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any orders regarding any modification of the Plan of Allocation will be posted on the Settlement website.

| WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT? |

46.     If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that Lead Plaintiff, and all other Released Plaintiff Parties (as defined in ¶50 below) shall have waived, released, discharged, and dismissed each and every one of the Released Claims (as defined in ¶47 below), including Unknown Claims (as defined in ¶51 below), against each and every one of the Released Defendant Parties (as defined in ¶49 below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not they execute and deliver the Claim Form or share in the Settlement Fund.  Claims to enforce the terms of the Settlement are not released.

47.     "Released Claims" means any and all claims, rights, liabilities, and causes of action of every nature and description, including both known claims and Unknown Claims, whether contingent or absolute, asserted or unasserted, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, that both (i) arise out of, are based upon, or are related in any way to the allegations, acts, facts, matters, occurrences, disclosures, filings, statements, representations, or omissions that were or could have been alleged by Lead Plaintiff and all other Class Members in the Litigation whether arising under federal, state, local, common or foreign law, or any other law, rule, or regulation, whether class or individual in nature, and (ii) relate to the purchase or acquisition of Super Micro common stock during the Class Period. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement, or claims asserted in any derivative action based on similar allegations, or claims under or against the Super Micro Computer, Inc. Fair Fund.

48.     "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties, including Lead Plaintiff's Counsel and Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

49.     "Released Defendant Parties" means each and all of the Defendants, and each of their Related Persons.

50.     "Released Plaintiff Parties" means the Lead Plaintiff, each and every Class Member, Lead Plaintiff's Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Class.

51.    "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it, might have affected his, her or its decision to enter into this Settlement, execute the Stipulation, and agree to all the various releases set forth herein, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Class.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

**A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

52.    The Judgment also will provide that Defendants and each of the other Released Defendant Parties shall be deemed to have waived, released, discharged, and dismissed as against the Released Plaintiff Parties all Released Defendants' Claims, which includes all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties, including Lead Plaintiff's Counsel, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation, except for claims relating to the enforcement of the Settlement.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

53.    Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Lead Counsel been paid for its expenses.  Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees on behalf of all Lead Plaintiff's Counsel from the Settlement Fund of no more than 25% of the Settlement Amount, plus interest.  At the same time, Lead Counsel also intends to apply for the payment from the Settlement Fund for Lead Plaintiff's Counsel's litigation expenses in a total amount not to exceed $310,000, plus interest.  The Court will determine the amount of the award of fees and expenses.  Lead Counsel may apply for an award to the Lead Plaintiff not to exceed $10,000 in connection with its representation of the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

| **HOW DO I PARTICIPATE IN THE SETTLEMENT?** |
|:---:|
| **WHAT DO I NEED TO DO?** |

54.    If you fall within the definition of the Class as described above, and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class.  If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement.  A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to submit a claim online or to request that a Claim Form be mailed to you.  The website is www.Super MicroSecuritiesSettlement.com.  You may also request a Claim Form by calling toll-free 1-888-859-1906.  Those who exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court.  Please retain all original records of your ownership of, or transactions in the shares, as they may be needed to document your claim.

55.    As a Class Member, for purposes of the Settlement, you are represented by Lead Plaintiff, and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf.

56.    If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" below.  If you exclude yourself from the Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Claim Form but you will retain the right to be a part of any other lawsuit against any of the Released Defendant Parties (as defined in ¶49 above) with respect to any of the Released Claims (as defined in ¶47 above).

57.    If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.  If you exclude yourself from the Class, you are not entitled to submit an objection.

| **WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT?** |
|:---:|
| **HOW DO I EXCLUDE MYSELF?** |

58.    Each Class Member will be bound by all determinations and judgments in this lawsuit concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Class, addressed to Super Micro Securities Settlement, EXCLUSIONS, c/o Gilardi & Co. LLC, 150 Royall Street, Suite 101, Canton, MA  02021.  The exclusion request must be received no later than _____, 2022.  Each request for exclusion must clearly indicate the

name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Class in *Hessefort v. Super Micro Computer, Inc., et al.*, Case No. 4:18-cv-00838-JST, and must be signed by such person.  Such persons or entities requesting exclusion are also directed to provide the following information: the number of shares of Super Micro common stock that the Person requesting exclusion (i) owned as of the opening of trading on August 5, 2016; and (ii) purchased, acquired and/or sold from August 5, 2016 through January 30, 2018, inclusive, as well as the number of shares, dates and prices for each such purchase, acquisition and sale.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

59.    If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Claim against any of the Released Defendant Parties.  Excluding yourself from the Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendant Parties concerning the Released Claims.  Please note, however, if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Litigation by a statute of repose.

60.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  If a person or entity requests to be excluded from the Class, that person or entity will not receive any benefit provided for in the Stipulation.

61.    If the requests for exclusion from the Settlement exceed a certain amount, as set forth in a separate confidential supplemental agreement between Lead Plaintiff and Defendants (the "Supplemental Agreement"), Super Micro shall have, in its discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER
TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

62.    If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing.  You can object to or participate in the Settlement without attending the Settlement Hearing.

63.    The Settlement Hearing will be held on _____, 2022, at _____ _.m., before the Honorable Jon S. Tigar, at the United States District Court, Northern District of California, Oakland Division, Oakland Courthouse, Courtroom 6 – 2nd Floor, 1301 Clay Street, Oakland, CA 94612.  The Court reserves the right to approve the Settlement or the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to

the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

64.     Any Class Member who does not request exclusion such that it is received no later than _____, 2022, may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.  You can ask the Court to deny approval by filing an objection.  You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

65.     Any objection to the proposed Settlement must be in writing.  If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.  All written objections and supporting papers must (a) clearly identify the case name and number (*Hessefort v. Super Micro Computer, Inc., et al.*, Case No. 4:18-cv-00838-JST), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, Suite 400 S, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before _____, 2022.

66.     The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number of shares of Super Micro common stock that the objecting Person (1) owned as of the opening of trading on August 5, 2016, and (2) purchased, acquired and/or sold during the Class Period, as well as the dates and prices for each such purchase, acquisition and sale, and contain a statement of reasons for the objection, copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and the objector's signature, even if represented by counsel.  The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  In addition, the objector must identify all class action settlements to which the objector and his, her or its counsel have previously objected.  Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

67.     You may not object to the Settlement or any aspect of it, if you exclude yourself from the Class.

68.     You may file a written objection without having to appear at the Settlement Hearing.  You may not appear at the Settlement Hearing to present your objection, however, unless you have first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

69.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you decide to hire an attorney, which will

be at your own expense, however, he or she must file a notice of appearance with the Court by _____, 2022.

70.     The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the Settlement website, www.SuperMicroSecuritiesSettlement.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.  Class Members do not need to appear at the hearing or take any other action to indicate their approval**.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

71.     Nominees who purchased or acquired Super Micro common stock for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of this Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of this Notice.  If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within seven (7) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.  Copies of this Notice may also be obtained by calling toll-free 1-888-859-1906, and may be downloaded from the Settlement website, www.SuperMicroSecuritiesSettlement.com.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

72.     This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Litigation is available at www.Super MicroSecutiesSettlement.com, including, among other documents, copies of the Stipulation and Proof of Claim Form.  This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the settlement agreement available at www.SuperMicroSecuritiesSettlement.com, or by contacting Lead Counsel below.  You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of

the Clerk of the Court for the United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, Suite 400 S, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  All inquiries concerning this Notice or the Claim Form should be directed to:

*Super Micro Securities Settlement*
c/o Gilardi & Co. LLC
PO Box 43370
_____Providence, RI  02940-3370_____
-or-
Ellen Gusikoff Stewart, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
655 W. Broadway, Suite 1900
San Diego, CA 92101
(800) 449-4900
settlementinfo@rgrdlaw.com
Lead Counsel

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS' COUNSEL, OR THE OFFICE OF THE CLERK OF COURT TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

Dated: _____, 2022          By Order of the Court
                                    United States District Court
                                    Northern District of California
                                    Oakland Division

# EXHIBIT A-2

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
        – and –
ELLEN GUSIKOFF STEWART (144892)
PATTON L. JOHNSON (320631)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
pjohnson@rgrdlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LOGAN HESSEFORT, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>     vs.<br><br>SUPER MICRO COMPUTER, INC., et al.,<br><br>                     Defendants. | Lead Case No. 4:18-cv-00838-JST<br><br><u>CLASS ACTION</u><br><br>PROOF OF CLAIM FORM<br><br>EXHIBIT A-2 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Super Micro Securities Settlement*

**c/o Gilardi & Co. LLC**
**PO Box 43370**
**Providence, RI  02940-3370**

**Toll-Free Number:  1-888-859-1906**

**Email:  info@SuperMicroSecuritiesSettlement.com**

**Website:  www.SuperMicroSecuritiesSettlement.com**

# **PROOF OF CLAIM**

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Litigation, you must complete and sign this Proof of Claim Form ("Claim Form") and mail it by first-class mail to the above address, ***postmarked* no later than _____, 2022 or submit it online at the above website on or before _____, 2022**.[1]

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Litigation, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address or website set forth above**.

---

[1]    You must submit a Claim Form even if you previously submitted one in connection with the SEC's settlement with Super Micro (Super Micro Computer, Inc. Fair Fund (smcfairfund.com)).

1

## TABLE OF CONTENTS

2
**Page**

3  PART I – INSTRUCTIONS ...........................................................................................................1

4       A.     GENERAL INSTRUCTIONS ..................................................................................1

5       B.     CLAIMANT IDENTIFICATION ...........................................................................2

6       C.     CLAIM FORM .........................................................................................................3

7  PART II:     CLAIMANT IDENTIFICATION ...........................................................................6

8  PART III:     SCHEDULE OF TRANSACTIONS IN SUPER MICRO COMMON
9       STOCK .....................................................................................................................6

   PART IV – SUBMISSION TO JURISDICTION OF COURT AND
10       ACKNOWLEDGMENTS .........................................................................................7

11  PART V – RELEASE...................................................................................................................8

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I. PART I – INSTRUCTIONS

## A. GENERAL INSTRUCTIONS

1. To recover as a member of the Class based on your claims in the action entitled *Hessefort v. Super Micro Computer, Inc., et al.*, Case No. 4:18-cv-00838-JST (the "Litigation"), you must complete and, on page [___] hereof, sign this Proof of Claim Form ("Claim Form"). If you fail to file a properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation.

2. Submission of this Claim Form, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3. YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM ON OR BEFORE _____, 2022, ADDRESSED AS FOLLOWS:

> *Super Micro Securities Settlement*
> c/o Gilardi & Co. LLC
> PO Box 43370
> Providence, RI  02940-3370
> www.SuperMicroSecuritiesSettlement.com

If you are NOT a member of the Class, as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), DO NOT submit a Claim Form.

4. If you are a member of the Class and you do not timely and validly request exclusion from the Class, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5. It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and

submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

### B.   CLAIMANT IDENTIFICATION

1.   If you purchased or acquired Super Micro common stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.   Use Part II of this form entitled "Claimant Identification" to identify the beneficial owner(s) of Super Micro common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the eligible Super Micro common stock in your own name, you are the beneficial owner as well as the record owner.  If, however, your shares of eligible Super Micro common stock were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.  THIS CLAIM MUST BE FILED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE SUPER MICRO COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.   All joint purchasers must sign this Claim Form and be identified in Part II.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4.   **One Claim should be submitted for each separate legal entity.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a

corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

5.   Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)   expressly state the capacity in which they are acting;

    (b)   identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Super Micro common stock; and

    (c)   furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

6.   By submitting a signed Claim Form, you will be swearing that you:

    (a)   own or owned the Super Micro common stock you have listed in the Claim Form; or

    (b)   are expressly authorized to act on behalf of the owner thereof.

**C.   CLAIM FORM**

1.   Use Part III of this form entitled "Schedule of Transactions in Super Micro Common Stock" to supply all required details of your transaction(s) in Super Micro common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.   On the schedules, provide all of the requested information with respect to all of your purchases and acquisitions and all of your sales of Super Micro common stock that took place at any time on or between and including August 5, 2016 and November 19, 2018, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.  Also, list the number of shares of Super Micro common stock held at the close of trading on August 4, 2016, January 30, 2018, and November 19, 2018.

3. List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

4. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Super Micro common stock set forth in the Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The parties and the Claims Administrator do not independently have information about your investments in Super Micro common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents**.

5. The above requests are designed to provide the minimum amount of information necessary to process the simplest claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. In the event the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the claimant's responsibility for any increased costs due to the nature and/or scope of the claim.

6. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

7. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Gilardi & Co. LLC, at the

1   address on the first page of the Claim Form, by email at info@SuperMicroSecuritiesSettlement.com,

2   or by toll-free phone at 1-888-859-1906, or you can visit the website,

3   www.SuperMicroSecuritiesSettlement.com, where copies of the Claim Form and Notice are

4   available for downloading.

5         8.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large

6   numbers of transactions may request, or may be requested, to submit information regarding their

7   transactions in electronic files.  To obtain the **mandatory** electronic filing requirements and file

8   layout, you may visit the Settlement website at www.SuperMicroSecuritiesSettlement.com or you

9   may email the Claims Administrator's electronic filing department at edata@gilardi.com.  **Any file**

10  **not in accordance with the required electronic filing format will be subject to rejection**.  Only

11  one claim should be submitted for each separate legal entity (*see* ¶B.4 above) and the **complete** name

12  of the beneficial owner(s) of the securities must be entered where called for (*see* ¶B.2 above).  No

13  electronic files will be considered to have been submitted unless the Claims Administrator issues an

14  email to that effect.  **Do not assume that your file has been received until you receive this email.**

15  **If you do not receive such an email within 10 days of your submission, you should contact the**

16  **electronic filing department at edata@gilardi.com to inquire about your file and confirm it**

17  **was received**.

18

19

20

21

22

23

24

25

26

27

28

**PART II:       CLAIMANT IDENTIFICATION**

_____
Beneficial Owner's Name (First, Middle, Last)


_____
Joint Beneficial Owner's Name (if applicable) (First, Middle, Last)


_____
Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner


_____
Street Address


_____          _____
City                             State or Province


_____          _____
Zip Code or Postal Code          Country


_____          _____      Individual
Social Security Number or                        Corporation/Other
Taxpayer Identification Number


_____  _____
Area Code        Telephone Number (work)


_____  _____
Area Code        Telephone Number (home)


_____
Record Owner's Name (if different from beneficial owner listed above)

**PART III:       SCHEDULE OF TRANSACTIONS IN SUPER MICRO COMMON STOCK**

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the Instructions.  Do not include information regarding securities other than Super Micro common stock.

  A.      Number of shares of Super Micro common stock held at the close of trading on August 4, 2016.   (Must be documented.)   If none, write "zero":
          _____

  B.      Purchases or acquisitions of Super Micro common stock (August 5, 2016-November 19, 2018, inclusive) (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes: ☐ Yes

C.    Sales of Super Micro common stock (August 5, 2016-November 19, 2018, inclusive) (Must be documented.):

| Trade Date Mo. / Day / Year | Number of Shares Sold | Sale Price Per Share | Total Sales Price (not deducting any taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

D.    Number of shares of Super Micro common stock held at the close of trading on January 30, 2018.  (Must be documented.)  If none, write "zero": _____

E.    Number of shares of Super Micro common stock held at the close of trading on November 19, 2018.  (Must be documented.)  If none, write "zero": _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE ___.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**PART IV – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Claim Form under the terms of the Stipulation of Settlement dated April 8, 2022 ("Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California, Oakland Division, with respect to my

(our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Super Micro common stock during the Class Period and know of no other Person having done so on my (our) behalf.

**PART V – RELEASE**

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge all of the Released Claims (including Unknown Claims) against each and all of the Released Defendant Parties, all as defined herein and in the Notice and Stipulation.

2. This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

3. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases or acquisitions of Super Micro common stock and know of no other person having done so on my (our) behalf.

4. I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) purchases or acquisitions of Super Micro common stock during the Class Period, as well as the number of shares held at the close of trading on August 5, 2016, January 30, 2018, and November 19, 2018.

5. The number(s) shown on this form is (are) the correct SSN/TIN(s).

6. I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

1    7.    I (We) certify that I am (we are) NOT subject to backup withholding under the

2   provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

3    (NOTE: If you have been notified by the Internal Revenue Service that you are subject to

4   backup withholding, you must cross out Item 7 above.)

5    I (We) declare under penalty of perjury under the laws of the United States of America that

6   the foregoing information supplied by the undersigned is true and correct.

7    Executed this _____ day of _____, 2022,

8                                          (Month/Year)

9

10  in _____, _____.
           (City)                          (State/Country)

11

12                                    _____
                                       (Sign your name here)

13

14                                    _____
                                       (Type or print your name here)

15

16                                    _____
                                       (Capacity of person(s) signing, *e.g.*,

17                                     Beneficial Purchaser or Acquirer,

18                                     Executor or Administrator)

19  For Joint Beneficial Purchaser, if any:

20                                    _____
                                       (Sign your name here)

21

22                                    _____
                                       (Type or print your name here)

23

24

25

26

27

28

1                             ACCURATE CLAIMS PROCESSING TAKES A
                                 SIGNIFICANT AMOUNT OF TIME.

2                                THANK YOU FOR YOUR PATIENCE.

3  Reminder Checklist:

4      1.        Please sign the above release and acknowledgment.

5      2.        Remember to attach copies of supporting documentation, if available.

6      3.        Do not send original stock certificates.  Attach only ***copies*** of acceptable supporting

7  documentation as these documents will not be returned to you.

8      4.        Keep a copy of your Claim Form and all supporting documentation for your records.

9      5.        If you move, please send us your new address.

10      6.        If you have any questions or concerns regarding your claim, contact the Claims

11  Administrator at Super Micro Securities Settlement, c/o Gilardi & Co. LLC, PO Box 43370,

12  Providence, RI 02940-3370, by email at info@SuperMicroSecuritiesSettlement.com, or by toll-free

13  phone at 1-888-859-1906, or you may visit www.SuperMicroSecuritiesSettlement.com.  DO NOT

14  call Super Micro, the other Defendants, or their counsel with questions regarding your claim.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF CLAIM FORM - 4:18-cv-00838-JST                                   - 10

# EXHIBIT A-3

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
         – and –
ELLEN GUSIKOFF STEWART (144892)
PATTON L. JOHNSON (320631)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
pjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LOGAN HESSEFORT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SUPER MICRO COMPUTER, INC., et al., <br><br> Defendants. | Lead Case No. 4:18-cv-00838-JST <br><br> <u>CLASS ACTION</u> <br><br> SUMMARY NOTICE <br><br> EXHIBIT A-3 |

*IF YOU PURCHASED OR ACQUIRED SUPER MICRO COMPUTER, INC. ("SUPER MICRO") COMMON STOCK FROM AUGUST 5, 2016 THROUGH JANUARY 30, 2018, INCLUSIVE (THE "CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.   CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.*

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Northern District of California, Oakland Division, that the above-captioned litigation (the "Litigation") has been certified as a class action for the purposes of settlement only and that a Settlement has been proposed for $18,250,000.00 in cash.  A hearing will be held on _____, 2022, at __:__ _.m., before the Honorable Jon S. Tigar, at the United States District Court, Northern District of California, Oakland Division, Oakland Courthouse, Courtroom 6 – 2nd Floor, 1301 Clay Street, Oakland, CA 94612, for the purpose of determining whether:  (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (2) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (3) the application of Lead Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, should be approved.

**IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND**.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and a copy of the Proof of Claim, you may obtain a copy of these documents by contacting the Claims Administrator: *Super Micro Securities Settlement*, c/o Gilardi & Co. LLC, PO Box 43370, Providence, RI  02940-3370; 1-888-859-1906.  You may also obtain copies of the Stipulation of Settlement, Notice and Proof of Claim at www.SuperMicroSecuritiesSettlement.com.

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim by mail postmarked no later than _____, 2022, or submit it online by that date.  If you are a Class Member and do not submit a valid Proof of Claim,

1    you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be

2    bound by any judgment entered by the Court in this Litigation (including the releases provided for

3    therein).

4          To exclude yourself from the Class, you must mail a written request for exclusion so that it is

5    received by _____, 2022, in accordance with the instructions set forth in the Notice.  If you

6    are a Class Member and do not exclude yourself from the Class, you will be bound by any judgment

7    entered by the Court in this Litigation (including the releases provided for therein) whether or not

8    you submit a Proof of Claim.  If you submit a written request for exclusion, you will have no right to

9    recover money pursuant to the Settlement.

10          Any objection to the proposed Settlement, the Plan of Allocation of Settlement proceeds, or

11    the fee and expense application must be filed with the Court no later than _____, 2022.

12

13    **PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR**

14    **DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**  If you have any questions about the

15    Settlement, or your eligibility to participate in the Settlement, you may contact Lead Counsel at the

16    following address or by calling 1-800-449-4900:

17         ROBBINS GELLER RUDMAN
       & DOWD LLP

18         ELLEN GUSIKOFF STEWART
     655 West Broadway, Suite 1900

19         San Diego, CA  92101
     settlementinfo@rgrdlaw.com

20    DATED: _____    BY ORDER OF THE COURT
                        UNITED STATES DISTRICT COURT

21                            NORTHERN DISTRICT OF CALIFORNIA
                        OAKLAND DIVISION

22

23

24

25

26

27

28

# EXHIBIT B

1   ROBBINS GELLER RUDMAN
    & DOWD LLP
2   SHAWN A. WILLIAMS (213113)
  DANIEL J. PFEFFERBAUM (248631)
3   Post Montgomery Center
  One Montgomery Street, Suite 1800
4   San Francisco, CA  94104
  Telephone:  415/288-4545
5   415/288-4534 (fax)
  shawnw@rgrdlaw.com
6   dpfefferbaum@rgrdlaw.com
       – and –
7   ELLEN GUSIKOFF STEWART (144892)
  PATTON L. JOHNSON (320631)
8   655 West Broadway, Suite 1900
  San Diego, CA  92101
9   Telephone:  619/231-1058
  619/231-7423 (fax)
10   elleng@rgrdlaw.com
  pjohnson@rgrdlaw.com
11
  Lead Counsel for Lead Plaintiff
12

13             UNITED STATES DISTRICT COURT

14         NORTHERN DISTRICT OF CALIFORNIA

15                OAKLAND DIVISION

16

| | |
|---|---|
| LOGAN HESSEFORT, Individually and on Behalf of All Others Similarly Situated, | Lead Case No. 4:18-cv-00838-JST |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| SUPER MICRO COMPUTER, INC., et al., | EXHIBIT B |
| Defendants. | |

17
18
19
20
21
22
23
24
25
26
27
28

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated April 8, 2022 (the "Stipulation").  Due and adequate notice having been given to the Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the Preliminary Approval Order, which certified, for purposes of effectuating the Settlement, a Class defined as all Persons that purchased or acquired Super Micro common stock between August 5, 2016 and January 30, 2018, inclusive.  Excluded from the Class are:  (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) Super Micro's's subsidiaries; (iv) the officers and directors of Super Micro during the Class Period; (v) any entity in which any Defendant has a controlling interest; and (vi) the legal representatives, heirs, successors and assigns of any such excluded person or entity.  Also excluded from the Class is any Person who timely and validly sought exclusion from the Class, as identified in Exhibit A hereto.

4.      With respect to the Class, this Court finds for the purposes of effectuating the Settlement that: (a) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of the Class Members; (e) the questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the

1    Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of

2    any litigation concerning the controversy already commenced by members of the Class; (iii) the

3    desirability or undesirability of concentrating the litigation of these claims in this particular forum;

4    and (iv) the difficulties likely to be encountered in the management of the Action.

5         5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies New

6    York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund as the

7    representative of the Class.  Lead Counsel is also certified as counsel to the class representative and

8    the Class in the Action.

9         6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

10   approves the Settlement set forth in the Stipulation and finds that:

11        (a)    in light of the benefits to the Class and the complexity and expense of further

12   litigation, the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable

13   and adequate;

14        (b)    there was no collusion in connection with the Stipulation;

15        (c)    Class Representative and Class Counsel have adequately represented the

16   Class;

17        (d)    the Stipulation was the product of informed, arm's-length negotiations among

18   competent, able counsel;

19        (e)    the relief provided for the Class is adequate, having taken into account (i) the

20   costs, risks and delay of trial and appeal; (ii) the effectiveness of any proposed method of

21   distributing relief to the Class, including the method of processing Class Member's claims; (iii) the

22   terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement

23   required to be identified under Federal Rule of Civil Procedure 23(e)(3;

24        (f)    the proposed Plan of Allocation treats Class Members equitably relative to

25   each other; and

26        (g)    the record is sufficiently developed and complete to have enabled Lead

27   Plaintiff and Defendants to have adequately evaluated and considered their positions.

28

7.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class (identified in Exhibit A hereto), the Action and all claims contained therein are dismissed with prejudice as to the Lead Plaintiff, and the other Class Members and as against each and all of the Released Defendant Parties.  The Settling Parties are to bear their own costs except as otherwise provided in the Stipulation.

8.      No Person shall have any claim against the Lead Plaintiff, Lead Plaintiff's Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

9.      Upon the Effective Date, Lead Plaintiff, and each of the Class Members, shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties with prejudice on the merits, whether or not the Lead Plaintiff, or such Class Member executes and delivers the Proof of Claim and whether or not the Lead Plaintiff, or each of the Class Members ever seeks or obtains any distribution from the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

10.     Upon the Effective Date, the Defendants and each and every Released Defendant Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed the Released Plaintiff Parties from all Released Defendants' Claims (including, without limitation, Unknown Claims).  Claims to enforce the terms of the Stipulation are not released.  For the avoidance of doubt, the releases, relinquishments and discharges provided by the Released Defendant Parties in this Stipulation do not include the release, relinquishment or discharge of any claim or cause of action that any of the Released Defendant Parties may have against an insurer for, arising out of or related to insurance coverage for, arising out of or related to the Action or any related matter or proceeding, including any derivative action based on similar allegations.

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE - 4:18-cv-00838-JST

- 3 -

11.     Upon the Effective Date, the Lead Plaintiff, all Class Members and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, asserting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any of the Released Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties.

12.     The distribution of the Notice and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. Section 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Class are bound by this Judgment, except those persons listed on Exhibit A to this Judgment.

13.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Action.

14.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be

deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Released Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Defendant Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

16.    The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.    The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

1    19.    Without further order of the Court, the Settling Parties may agree to reasonable

2  extensions of time to carry out any of the provisions of the Stipulation.

3    20.    The Court directs immediate entry of this Judgment by the Clerk of the Court.

4    21.    The Court's orders entered during this Action relating to the confidentiality of

5  information shall survive this Settlement.

6    IT IS SO ORDERED.

7  DATED: _____    _____

8                                            THE HONORABLE JON S. TIGAR
                                             UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28